### DWIGHT ROOT *vs.* JOHN HAMILTON.

If, to impeach a party who testifies in his own behalf on the trial, the other party puts in evidence the record of a criminal conviction of a person of the same name as the witness, and then is permitted, against objection, to ask him, on cross-examination, whether he is that person, and he voluntarily replies that he is, the permission of the question affords no ground of exception.

CONTRACT on a promissory note. Trial, and verdict for the plaintiff, in the superior court, before *Devens*, J., who allowed exceptions which are stated in the opinion.

*C. Delano*, for the defendant.

*W. S. B. Hopkins*, (*S. O. Lamb* with him,) for the plaintiff.

MORTON, J. At the trial, the defendant testified as a witness in his own behalf. The plaintiff put in the record of the conviction of one John Hamilton for receiving and concealing stolen goods. This was not objected to, and was competent. The defendant, having assumed the privilege of becoming a witness, was subject to impeachment in the same manner as any other witness. *Commonwealth* v. *Bonner*, 97 Mass. 587. The plaintiff then asked the defendant, in cross-examination, whether he was the John Hamilton described in said record. The defendant's counsel objected to the question as incompetent, but the court ruled that the question might be asked, and the witness replied, " I suppose I am." The question whether the witness was privileged from answering was not raised. He answered voluntarily and without claiming any privilege. The rule of law is settled, that, in cases in which a witness is not bound to answer a question, yet the question may be asked if his answer, should he waive his privilege, would be competent. 1 Greenl. Ev. § 460. The question and answer in this case were competent. They proved the identity of the defendant with the John Hamilton named in the record produced, — a fact which the record does not show and which could only be proved by parol testimony.

*Exceptions overruled.*