JOHN A. GOOD *vs.* GEORGE W. FRENCH.

Suffolk. March 6. — June 18, 1874. WELLS & ENDICOTT, JJ., absent.

In an action for a malicious prosecution, the burden of proof is on the plaintiff to show that the defendant acted without probable cause.

In an action for a malicious prosecution, whether there was a want of probable cause is a question of law upon the facts proved.

If a person obtains flour by falsely representing himself to be the agent of another, evidence that he is in good credit, that he has money in the hands of another person sufficient to pay for the flour, and that there is a practice amongst flour dealers, not shown to be one of the established usages of the trade, to buy flour in the name of other persons, has no tendency to show that a prosecution for obtaining the flour by false pretences was instituted without probable cause.

The docket of a municipal court is the record of proceedings in that court, until the more full record is made up, and is sufficient proof of those proceedings.

TORT for malicious prosecution and for slander. Trial in the Superior Court before *Rockwell*, J., who allowed a bill of exceptions in substance as follows:

It appeared that the plaintiff had bought a lot of flour in the name of one Cutler, of the firm of which the defendant was a member; that he had not authority to use Cutler's name; that the flour was not paid for, and that the defendant made a complaint before the Municipal Court of the city of Boston, and

caused the plaintiff to be arrested for obtaining the flour by false pretences, and that he was discharged. To prove the proceedings in the Municipal Court, the plaintiff offered in evidence a paper purporting to be a copy of the record of the proceedings in that court. The assistant clerk of that court who made the copy, testified that the record of the case had never been extended, and that the only record in the office was the docket. The defendant's counsel objected to the admission of the copy, but it was admitted. The plaintiff then caused the docket to be produced and the entries of the same were put in, by which it appeared that the plaintiff was arrested on the complaint of the defendant for obtaining goods by false pretences, and was discharged. But the plaintiff contended, and relied on the copy of the record as *primâ facie* proof, that the defendant had caused the arrest of the plaintiff without probable cause, and so argued to the jury ; and the copy went to the jury, and the substance was stated to them.

The plaintiff on his direct examination testified to facts tending to show that he was in good credit, and had funds in the hands of a third person sufficient to pay for the flour, and that there was a practice among flour dealers to buy flour in the name of other persons, and that the reason of this practice was to conceal the names of the actual purchasers, and cover up any speculation in which the actual purchaser might be engaged. To the admission of this evidence the defendant objected.

The plaintiff on cross-examination admitted that he used the name of Cutler in the purchase of the flour because he feared that his credit would be called in question if he attempted to buy in his own name ; and that he did not want the defendant to understand that credit for the flour was to be given to him.

At the conclusion of the plaintiff's case the defendant requested the court to order a verdict for the defendant, and the same request was made when the testimony on both sides was put in. These requests were refused.

The evidence on the counts in slander was conflicting, and these counts were not relied upon.

The jury found a verdict for the plaintiff for five hundred dollars, and in answer to a question of the court, as to what count the verdict was found on, replied that it was a general verdict but that the jury dwelt upon the view that it seemed to them

from the evidence that the defendant caused the prosecution to be instituted for private motives, and not on public considerations.

The defendant excepted to the admission of the above evidence, and to the refusal of the court to direct a verdict for the defendant.

*W. W. Warren*, for the defendant.

*J. L. Eldridge*, for the plaintiff.

AMES, J. In this, as in most cases of the kind, the real controversy was upon the question of probable cause. The want of probable cause is a vital and indispensable element in the plaintiff's case, as to which the burden of proof rests upon him. Whether there was a want of such cause is a question of law upon the facts proved. *Kidder* v. *Parkhurst*, 3 Allen, 393. It is to be judged of, not upon the actual state of the case, but upon the honest and reasonable belief of the party that instituted the prosecution complained of. *Bacon* v. *Towne*, 4 Cush. 217. The case reported in this bill of exceptions shows that the plaintiff represented himself, in making the purchase, as the agent of Cutler, which was not true; that he made this false representation for the sake of concealing the fact that he was the real purchaser; that he did not intend to have the flour charged to himself for fear that his credit might be called in question, and that he obtained possession of the property by means of that false representation.

By way of explanation of what at first sight and without explanation appears to be a disingenuous and suspicious proceeding, well calculated to create an honest and reasonable belief in the mind of the defendant of a fraudulent intent, the plaintiff offered evidence tending to show the existence of a practice among flour dealers to buy in the name of some person other than the real purchaser, with the purpose of concealing the name of the real purchaser, " and to cover up any speculation in which he might be engaged." But it does not appear to be claimed by the plaintiff that this was one of the established, notorious and accepted usages of the trade which the defendant must be assumed to have known and recognized, and we are by no means prepared to say that such a usage, if proved, could have any legal validity. And, what is perhaps more material, it does not appear by the bill of exceptions that the defendant had any knowledge of the existence

of this alleged practice. The defendant had a right to judge from appearances, and the evidence offered wholly fails to do away the effect of these appearances. Neither the existence of the alleged practice nor the fact that the plaintiff had funds with which he could have paid for the flour, have any tendency to show that the defendant instituted the prosecution without probable cause.

The proceedings of the Municipal Court were sufficiently proved by the docket, which is the record, until the more full record is made up. *Pruden* v. *Alden*, 23 Pick. 184. *Read* v. *Sutton*, 2 Cush. 115. The other exceptions taken in the case we have not deemed it necessary to consider. The evidence relied upon by the plaintiff, whatever its effect may be to explain his conduct, and to acquit him of any fraudulent intent, has no tendency to show that the defendant was not acting under an honest and reasonable belief, and with apparent or probable cause. This defect in the plaintiff's case is insuperable, and therefore the defendant's

*Exceptions are sustained.*