## COMMONWEALTH vs. GEORGE W. HAM.

Essex.    November 6, 1889. — November 18, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Exceptions — Waiver — Evidence of Intent.*

In a criminal case the defendant, at the close of the government's evidence, assented to a verdict of guilty. Afterwards, and before verdict, the judge presiding at the trial announced that he should exclude certain evidence which had been admitted against the defendant's objection, and should instruct the jury to disregard it. *Held,* that the defendant had no ground of exception, even if the evidence was erroneously admitted.

At the trial of a complaint for keeping intoxicating liquors with intent unlawfully to sell the same, after proof of the finding of such liquors concealed on the defendant's premises, evidence was admitted, on the question of intent, that an employee of the defendant had been seen in the building running with a jug from a police officer; that a team, often about the defendant's premises, had been seen in possession of the same employee delivering jugs at various places where liquors were sold, at which places afterwards jugs were found containing such liquors and with the defendant's cards thereon; that beer teams, driven by his employees and with his name on them, had been seen about town delivering jugs; and that on one occasion a like team with jugs in it was seen being driven about by the defendant himself. *Held,* that the evidence was admissible, and would warrant a verdict against the defendant.

COMPLAINT alleging that George W. Ham, at Haverhill, on June 23, 1888, "unlawfully did keep intoxicating liquor with intent unlawfully to sell the same in this Commonwealth, he, the said Ham, not being authorized to sell the same in said Commonwealth for any purpose or by any legal authority whatever."

Trial in the Superior Court, before *Sherman,* J., who allowed a bill of exceptions, in substance as follows.

It appeared in evidence that the defendant kept a large establishment for the manufacture and bottling of ginger ale and light drinks at No. 58 Phœnix Row in Haverhill; that on the day in question police officers searched his establishment, and found in a room therein three two-gallon jugs filled with whiskey, wholly or partially concealed; and that the defendant was at the time in an adjoining room. An officer was then permitted to testify, against the defendant's objection, that after

the liquor was found one Brown, a workman in the establishment, ran towards the defendant, and, when within hearing distance, exclaimed, " My God! George, they have got us," but that he did not hear the defendant make any reply.

Evidence was offered, on the question of intent, that about a month before the day in question one Nolan, a teamster of the defendant, was seen within the defendant's establishment running with a two-gallon jug from the room, and was followed by an officer, who was unable to overtake him; that he was not seen to go from the building, and was about the place ten minutes afterwards empty-handed; that a team with no name on it to indicate ownership, but similar to one often about the establishment, had been seen in the possession of Nolan and another, within two months of the day in question, in parts of Haverhill remote from the establishment, delivering jugs at various places where liquors were sold; that subsequently, but not immediately afterwards, some of these places had been searched by police officers, and various two-gallon jugs, with the name W. Ham upon them, had been found in them containing liquor; that beer teams with the name George W. Ham or Ham and Fisher were driven from the establishment about Haverhill by persons seen at other times working for the defendant; and that the defendant had been seen at one time driving a team with jugs therein, similar to the team from which the jugs were delivered as above stated.   The defendant objected to the admission of this evidence, on the ground that the transactions referred to had not been sufficiently connected with the defendant; but the judge admitted it, and the defendant excepted.

The defendant offered no evidence, and said he should consent to a verdict of guilty.   The judge thereupon said that he should instruct the jury that they should exclude from the case the evidence as to the exclamation by Brown, as it did not appear whether or not the defendant made reply, or, if he made a reply, what it was; and was about to charge the jury, when the defendant said that he did not desire to go to the jury, and would consent to a verdict of guilty, but desired to save all questions raised by him during the trial.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*B. F. Brickett & C. H. Poor*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

DEVENS, J.   It may well be doubted whether, when a party consents to a verdict of guilty, he does not waive all objections, and whether he is not precluded from prosecuting his exceptions to rulings upon questions of evidence.   Without, however, discussing this, it is quite clear that the defendant could not .thus prevent the court from withdrawing from the jury evidence which, on reflection, it deemed should not be considered.   The court having announced before the verdict that it should exclude from the case the declaration made by the workman Brown, and should instruct the jury to disregard it, the defendant has no ground of exception on that account, even if it was originally erroneously admitted.   *Whitney* v. *Bayley*, 4 Allen, 173.   *Smith* v. *Whitman*, 6 Allen, 562.

It was important to show the intent with which the intoxicating liquor, which the evidence tended to show was found concealed in the defendant's bottling establishment, was kept. As bearing upon this, the evidence was competent that an employee of the defendant had been seen with a jug in the building, running from an officer; that a team often about the defendant's premises, and in possession of the same employee, had been seen delivering jugs at divers places where liquors were sold, and that afterwards there were found in these places jugs containing intoxicating liquors having defendant's name on cards thereon; that beer teams having the defendant's name on them were seen about town delivering jugs, and driven by his employees; and that in one instance a similar team with jugs therein was seen driven about the town by the defendant himself.   If satisfactory to the jury on this point, it was competent to warrant a verdict against the defendant.

*Exceptions overruled.*