COMMONWEALTH *vs.* JULIA SULLIVAN.

Plymouth.     October 15, 1889. — December 31, 1889.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Sale of Intoxicating Liquors — Repeal of Statute — Autrefois Acquit — Evidence
— Credibility of Witness.*

A complaint, dated March 25, 1889, charged the defendant with unlawfully selling intoxicating liquor on February 14 preceding, and she was convicted on March 29. Pending an appeal to the Superior Court, the St. of 1889, c. 114, amending the Pub. Sts. c. 100, § 18, so as to make the punishment for that offence more severe, went into operation on April 18, the same day that the St. of 1889, c. 268, providing that the amendment should not apply to prior offences, was passed. *Held,* that the defendant's liability under the Pub. Sts. c. 100, § 18, was preserved by the Pub. Sts. c. 3, § 3, cl. 2, notwithstanding the St. of 1889, c. 114, and irrespective of the St. of 1889, c. 268.

An acquittal, on a complaint for maintaining a tenement used for the illegal keeping and sale of intoxicating liquor, is no bar to a complaint for the illegal sale of such liquor, even if the sale relied on at the trial of the latter was given in evidence at the former trial.

At the trial of a complaint, after the defendant had testified, the record of her former conviction for a like offence was admitted in evidence, and the government was permitted to ask her, on cross-examination, questions tending to identify her as the person named in the record. *Held,* that the defendant had no ground of exception.

COMPLAINT, dated March 25, 1889, to the Fourth District Court of Plymouth, for an unlawful sale at Wareham, on February 14, 1889, of intoxicating liquor, to Marcenia F. Caldwell and another.

At the trial in the Superior Court, on appeal, at the June sitting of 1889, before *Hammond,* J., the defendant filed a plea of *autrefois acquit,* setting forth the record of the acquittal of the defendant by the same district court upon a complaint for keeping a common nuisance, to wit, a tenement used for the

illegal keeping and illegal sale of intoxicating liquor from January 1, 1889, to February 28, 1889, and offered evidence to show that the sale to Caldwell was given in evidence upon the trial of that complaint. The judge refused to rule, as requested by the defendant, that such acquittal was a bar to so much of this complaint as charged the sale to her on February 14, 1889, but ruled that the acquittal was not a bar; and the defendant excepted.

The defendant, being called as a witness, testified that she never made the alleged sale.

The government offered in evidence a record to show that in August, 1888, the defendant was convicted of selling intoxicating liquor, and asked the defendant on cross-examination, for the purpose of identifying her as the person named in the record, if she had not been convicted of the offence of selling liquor. The judge allowed the question to be put, against the defendant's objection, solely for the purpose above named, and allowed the record of her conviction to be given in evidence; and the defendant excepted.

The jury returned a verdict of guilty, after which the defendant moved in arrest of judgment, on the ground that, the penalty for the offence in question having been made more severe since the complaint was made, the defendant was no longer liable. The judge overruled the motion; and the defendant alleged exceptions.

The case was argued at the bar in October, 1889, and afterwards was submitted on the briefs to all the judges except *Morton*, C. J.

*E. L. Barney*, for the defendant.

*A. J. Waterman*, Attorney General, for the Commonwealth.

HOLMES, J. The Pub. Sts. c. 100, § 18, were amended by the St. of 1889, c. 114, so as to make the punishment more severe. By the St. of 1889, c. 268, which was enacted and went into operation on April 18, the same day that chapter 114 went into operation, it was provided that the amendment should not apply to prior offences. It is unnecessary to consider whether, if, as we believe is the fact, chapter 268 was passed after the first minute of April 18, it would or would not preserve the defendant's liability. For by the Pub. Sts. c. 3, § 3, cl. 2, " The

repeal of an act shall not affect any punishment, penalty, or forfeiture incurred before the repeal takes effect, or any suit, prosecution, or proceeding pending at the time of the repeal, for an offence committed, or for the recovery of a penalty or forfeiture incurred, under the act repealed." The defendant committed her offence, and this proceeding was pending, before the St. of 1889, c. 114, took effect.

The other exceptions are not much pressed. Selling intoxicating liquors may be evidence of the offence of maintaining a tenement used for the illegal keeping and sale of such liquor, but is not the same offence, and a person may be guilty of the former without being guilty of the latter. Therefore an acquittal of the latter is not a bar to a prosecution for the former, even if it appears that the sale now relied on was given in evidence in the prosecution for maintaining the tenement. *Morey* v. *Commonwealth*, 108 Mass. 433, 435, and cases cited.

The defendant having testified, the record of her conviction of a crime was admissible to affect her credibility. Pub. Sts. c. 169, § 19. By offering herself as a witness, she submitted to cross-examination, and therefore could be asked questions tending to identify her as the person named in the record. *Commonwealth* v. *Morgan*, 107 Mass. 199, 205. *Root* v. *Hamilton*, 105 Mass. 22.                    *Exceptions overruled.*