### COMMONWEALTH *vs.* PATRICK LANNAN.

Middlesex.   November 30, 1891. — January 5, 1892.

Present: ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Contradiction of Witness.*

At the trial of a complaint for keeping a common nuisance, the defendant testified that he did not make the sales of intoxicating liquor complained of, but was at the time absent from the place in question, and subsequently introduced other evidence tending to show that at the time alleged he was in another place   On cross-examination the defendant was asked, against his objection, if he had not previously had another case in court against him for violation of the liquor law, and if he did not testify at the trial thereof that he was not present at the times when the government witnesses in that case testified he was present   The defendant testified that he had had such a prior case against him, and that he testified at the trial thereof, but that he had not in such case testified that he was not present at the times and on the occasions the government witnesses therein testified he was present.   *Held*, that the defendant had good ground of exception.

COMPLAINT for keeping a common nuisance, to wit, a tenement at Lowell used for the illegal sale and keeping for sale of intoxicating liquors between July 1 and December 20, 1890.

At the trial on appeal, in the Superior Court, before *Bond*, J., the government relied upon the testimony of two witnesses in support of the alleged offence, both of whom refreshed their recollection from memoranda made by them within a short time

of the commission of the offence, and written on a paper containing also memoranda not relating to the case on trial. The defendant requested the judge to direct the witness to permit the inspection of such paper; the judge refused to allow the inspection of any memoranda not relating to the case at bar, but permitted the inspection of all memoranda relating to the case on trial; and the defendant excepted.

The defendant testified, in his own behalf, that he did not make certain sales testified to by the government witnesses, but at that time he was absent from Lowell, and subsequently introduced other evidence tending to show that at the time alleged he was in Philadelphia. On cross-examination the district attorney was permitted, against the defendant's objection, to ask him if he had not previously to this present case had another case in court against him for violation of the liquor law; and if he did not testify in such other case, at the trial thereof, that he was not present at the times when the government witnesses in said first case had testified he was present. The judge permitted the questions to be put and answered; and the defendant excepted. The defendant testified that he had had a prior case against him; and that he had testified at the trial thereof, but that he had not in such case testified he was not present at the times and on the occasions the government witnesses therein testified he was present.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*N. D. Pratt & W. F. Courtney,* for the defendant.

*A. E. Pillsbury,* Attorney General, *& C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

HOLMES, J. Evidence that on a former trial for a similar offence the defendant raised a somewhat similar issue by his testimony, and was contradicted by other witnesses, is not admissible to impeach his testimony, in the case at bar, that he was absent at the time of the alleged offence. It would be necessary to go further and to prove that the other witnesses were right; a question which cannot be tried. Therefore, evidence that the defendant had had another case in court against him like the present, offered merely as preliminary to proof of such a contradiction, is equally inadmissible. It is not admissible as independent evidence, and in the present case it was not offered

in order to identify the defendant, as a preliminary to introducing a record of a conviction, as in *Commonwealth* v. *Sullivan,* 150 Mass. 315. See *Commonwealth* v. *Schaffner,* 146 Mass. 512, 515. The defendant's denial that he had testified as supposed at the former trial did not do away with the disadvantageous impression which the admission that there had been a prior case against him tended to produce.

The defendant does not argue that the court ought to have allowed him to inspect memoranda not relating to the case.

*Exceptions sustained.*