SIMON G. FRIEDMAN *vs.* HARRY BALLARD.

Worcester.     September 22, 1924. — October 18, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Broker.   Agency,* Fidelity of agent, Double employment.

At the trial of an action for a commission for the sale of real estate of the defendant in another State, there was evidence warranting a finding that the plaintiff was employed by the defendant to sell the property in question, and it appeared from undisputed testimony that there were negotiations between the defendant and the purchaser looking toward an exchange of property of the purchaser in this Commonwealth for the property of the defendant and that, while the negotiations were going forward, the purchaser asked the plaintiff to represent him as an attorney, which request the defendant refused, stating that he wanted a commission for bringing the parties together. The plaintiff admitted that he had a discussion with the purchaser concerning a commission before the exchange was made and made a claim therefor and intended to charge the purchaser a commission. *Held,* that

(1) These facts established that the plaintiff believed that as agent for the purchaser and for the defendant he was entitled by reason of his relation to the transaction to receive from each of them as sellers of real estate the usual commission;

(2) As the broker or agent of the diverse interests of his clients, the plaintiff as a matter of public policy could not be permitted to recover a commission.

CONTRACT to recover a commission for services alleged to have been rendered in procuring a purchaser of certain

real estate of the defendant in Rochester in the State of New York. Writ dated August 28, 1920.

In the Superior Court, the action was tried before *Callahan,* J. Material evidence is described in the opinion. By order of the judge, the jury found for the defendant. The plaintiff alleged exceptions.

*S. G. Friedman & J. H. Meagher,* for the plaintiff.

*R. B. Dodge,* for the defendant.

PIERCE, J. This is an action of contract to recover of the defendant " the usual commission " for the sale of certain real estate owned by the defendant in the city of Rochester, in the State of New York to one Rae Cohen. It appeared in evidence, and the jury would have been warranted in finding, that the plaintiff was employed by the defendant to sell the property of the defendant described in the plaintiff's declaration. The only question for decision, on the exceptions taken to the order of the judge that the jury find for the defendant, is whether, upon the undisputed testimony of witnesses for the defendant and upon the testimony of the plaintiff, as matter of law it appeared that during the negotiations for the sale of the defendant's property the plaintiff was employed by Cohen (the purchaser of the defendant's property) to sell or exchange property of Cohen in Clinton, which was conveyed by Cohen to the defendant in exchange for the land of the defendant in Rochester, New York.

It appeared by the uncontradicted testimony of witnesses, that Cohen, while the negotiations with the defendant were pending, asked the plaintiff to represent him as an attorney in drawing up the agreement of sale which was to be executed in writing on August 21, 1920; that Cohen further requested the plaintiff to go with him to Rochester to look at the defendant's property and offered to pay the plaintiff a certain sum for his service as an attorney; that the plaintiff declined the offer of Cohen to act as his attorney, stating that he wanted a commission for bringing the parties (Cohen and the defendant) together, if the agreement for the exchange of their respective properties was effected; that thereafter the plaintiff again declined to act as an attorney in the

matter, claiming that he was the broker and was going to claim a commission. It further appeared that the plaintiff brought an action against Cohen for services and disbursements, and also for a commission which the plaintiff claimed was due him for his services from the sale from Cohen to the defendant of the Clinton property. It further appeared that subsequently, in October, after the transfer had been made of the respective premises, Cohen paid the plaintiff $1,000 in full for all claims the plaintiff had against the Cohens.

At the trial, in response to questions by the judge, in substance, the plaintiff testified that his claim for a commission against Cohen was confined to the Clinton property; that he did not have any agreement with Cohen for a commission before the exchange was made; that he did have a discussion with Cohen concerning a commission before the exchange was made and tried to establish a claim for a commission if the exchange went through; that the claim was made for a commission on Friday, August 20, before the agreement was signed on Saturday, August 21; and that when the parties came together he intended to charge a commission to Cohen if the exchange went through.

These facts establish that the plaintiff believed that he, as agent for Cohen and for the defendant, was entitled by reason of his relation to the transaction to receive from each of them as sellers of real estate the usual commission. As the broker or agent of the diverse interests of his clients, it is evident he could not serve both masters with equal fidelity. As a matter of public policy, an agent so circumstanced is not permitted to recover a commission. *Sullivan* v. *Tufts*, 203 Mass. 155. *Tracey* v. *Blake*, 229 Mass. 57. We do not think the evidence warranted the jury finding that the plaintiff was a mere middleman, as defined in *Walker* v. *Osgood*, 98 Mass. 348.

*Exceptions overruled.*