WALTER M. EVATT *vs.* WILLARD D. MARTIN, INC.

Essex.    November 15, 1938. — February 28, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Agency*, Agent's duty of fidelity. *Broker*, Commission, Fraud of broker. *Fraud*. *Contract*, Implied.

If a broker, employed by a seller of real estate, produced a straw purchaser whom he falsely represented to be purchasing in his own behalf and for whom he was secretly acting to secure the property at the lowest price and to secure for himself a commission to which he was not entitled because another broker had procured as a purchaser the person for whom the straw was acting, the seller would be entitled to recover from him an amount paid him as commission in ignorance of the facts, without showing actual damage resulting from such double dealing.

One defrauded of money may recover it by an action for money had and received against the defrauder.

CONTRACT OR TORT.    Writ in District Court of Southern Essex dated April 4, 1938.

Upon removal to the Superior Court, a demurrer was sustained by *Burns*, J.    The plaintiff appealed.

The case was submitted on briefs.

*D. Burstein*, for the plaintiff.

*A. J. Healey*, for the defendant.

DOLAN, J.    This is an appeal by the plaintiff from an order sustaining the defendant's demurrer to the declara-

tion. The action, commenced by trustee writ, was to recover a commission paid to the defendant, which acted as a broker in effecting a sale of the plaintiff's property.

The first count of the declaration alleges in substance the following material facts: At some time prior to February 23, 1934, the plaintiff, being the owner of land in Swampscott, was offering it for sale through one Merrill as broker. Subsequent to the plaintiff's employment of Merrill, the plaintiff, at the defendant's request, also employed the defendant as a nonexclusive broker to find a purchaser for the same property, the defendant understanding that another broker had also been employed by the plaintiff.

Merrill in attempting to find a purchaser had solicited one Winslow. Thereafter the defendant informed the plaintiff that one Andresen, of New York City, was willing to purchase the property for $50,000. Upon being asked by the plaintiff whether Andresen was acting for another, and particularly whether he was acting for Winslow, the defendant represented that Andresen was purchasing in his own behalf, and that Winslow had nothing to do with the purchase. In fact Andresen was the agent of Winslow, and the defendant was acting in behalf of Winslow to secure the property for him at the lowest possible price, and, by agreement with Winslow, to secure for itself the commission to which Merrill was entitled by virtue of having produced Winslow as a customer or purchaser. The defendant "well knew" that the plaintiff would not have sold the property to Winslow for $50,000 through the defendant, and for that reason the defendant and Winslow agreed to conceal the interest of Winslow and the fact that the defendant was acting for him.

On or about January 28, 1934, the plaintiff, not knowing the true facts, conveyed the property to Andresen for $50,000 and paid the defendant a brokerage commission of $2,150. In fact the consideration for the conveyance was paid by Winslow, and Andresen upon receiving his deed conveyed the property to him. Subsequently Merrill made a claim on the plaintiff for a commission for having brought about a purchase of the property by Winslow.

The declaration also alleges that the defendant was guilty of a breach of its fiduciary obligations as broker by failing to exercise good faith and by failing to make full disclosure of material facts, and that because of its alleged conduct it had forfeited its right to compensation, and was liable to repay the plaintiff the sum paid to it by the plaintiff in ignorance of the facts.

The defendant's demurrer assigns seven grounds collectively to the effect that no cause of action was stated and that the plaintiff showed no damage. The demurrer was sustained.

The allegations of the declaration that the defendant, having been employed as broker by the plaintiff, in fact acted in the transaction in behalf of one who eventually purchased the plaintiff's property, that the defendant failed to disclose to the plaintiff the fact of its dual employment, and that the transaction was consummated and the commission paid without knowledge by the plaintiff of the true facts sufficiently set forth a cause of action, and, if proved, would result in the conclusion that the defendant thereby lost its right to obtain a commission from either principal. *Farnsworth* v. *Hemmer,* 1 Allen, 494, 495. *Veasey* v. *Carson,* 177 Mass. 117, 120–121. *Libby* v. *Smith,* 293 Mass. 465, 469, and cases cited. It is immaterial, if it be true in the case at bar, that no specific damage is claimed, for in such cases actual damage need not be shown, the rule of forfeiture of commissions being based on a public policy which refuses to enforce the commissions agreement in such circumstances because of the tendency to cause the broker to sacrifice the interests of one or both principals. "The contract is avoided on account of its necessarily injurious tendency." *Rice* v. *Wood,* 113 Mass. 133, 135. *Sullivan* v. *Tufts,* 203 Mass. 155, 157. *Friedman* v. *Ballard,* 250 Mass. 167, 169. It follows that the first count of the declaration stated a good cause of action and as to that count the demurrer was improperly sustained.

The second count of the declaration was upon an account annexed and reads as follows: "Count II. And the plaintiff says that the defendant owes him the sum of $2150.00 with

interest from February 23, 1934 according to the account annexed hereto marked 'A'. . . . 'A' February 23, 1934 Willard D. Martin, Inc. Lynn, Massachusetts To Walter M. Evatt, Dr. For money had and received by the said Willard D. Martin, Inc. and belonging to Walter M. Evatt $2150." Count II is followed by the statement that both counts of the declaration are for the same cause of action.

It is settled that the two counts are separate and independent and that the allegations of one count will not be imported into the other unless done so by express terms. *Kenney* v. *Boston & Maine Railroad,* 301 Mass. 271, 274, and cases cited. This is so even if it is alleged, as in the instant case, that the other count is for the same cause of action. *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306, 310. The second count, on an account annexed, was sufficient. Money obtained through fraud or misrepresentation may be recovered back in an action for money had and received. *Dana* v. *Kemble,* 17 Pick. 545, 549. The demurrer therefore was improperly sustained as to the second count also.

The order sustaining the demurrer must be reversed and instead thereof an order is to be entered overruling the demurrer.

*So ordered.*