WILLIAM SPRITZ *vs.* BROCKTON SAVINGS BANK.

Suffolk.   December 6, 1939. — February 1, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Broker,* Commission.   *Contract,* Performance and breach.

Upon a declaration in an action by a real estate broker based on an allegation that he was employed by the defendant to find a customer who was ready, able and willing to purchase and that he had found such a customer, a finding for the defendant was warranted where it appeared that the defendant's agreement was to pay a commission only if there were a consummated sale, and no sale was consummated.

The owner of real estate properly might have been found justified in terminating negotiations with a customer presented by a real estate broker upon learning from the customer that the broker had made to him an assignment of a commission which was to be due the broker from the owner only if a sale was consummated, and upon a statement by the broker, when the owner sought to ascertain the purpose of the assignment, merely that he had a right to make the assignment.

CONTRACT.   Writ in the Superior Court dated March 4, 1938.

The action was heard by *Brogna,* J.

*D. Flower,* for the plaintiff.

*M. J. Zieman,* for the defendant.

RONAN, J.   This is an action of contract by a broker to recover a commission.   The plaintiff signed an instrument reciting that he was making an effort to sell the defendant's property without any expectation or understanding "that . . . [the plaintiff] should be entitled to any commission or compensation in any form for such efforts unless said Bank shall sell said property and then only, if, as and when all papers consummating such sale shall actually be passed, the deed delivered, the mortgage and note signed and delivered, and the entire deal consummated to the satisfaction of said Bank," when he was to receive a commission of $1,000.   The judge found for the defendant and the case is here upon the exceptions of the plaintiff to the refusal of the judge to grant his requests for rulings.

The declaration was in a single count which alleged that the plaintiff was employed to find a customer who was ready, able and willing to purchase the defendant's property upon its terms; that the plaintiff was to be paid a commission of $1,000; that he found such a customer; and that the defendant refused to pay the said commission. The only promise that the defendant made to the plaintiff was that, if he effected a sale and conveyance of its property, he was to receive $1,000. There was no evidence that the plaintiff was to be paid for merely finding a customer, ready, able and willing to buy upon the defendant's terms — see *Elliott* v. *Kazajian*, 255 Mass. 459; *Walsh* v. *Grant*, 256 Mass. 555 — and the declaration, which was limited to this ground, would not support any finding except one for the defendant. The finding for the defendant must be presumed to have been based upon the pleadings. *Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529. *Blanchard* v. *Stone's Inc.* 304 Mass. 634.

If we consider the merits without regard to the pleadings, the plaintiff cannot prevail. The customer produced by the plaintiff and the defendant's agent met for the purpose of executing an agreement for the purchase and sale of the property, but before the agreement was signed the customer showed the defendant's agent an assignment of the plaintiff's commission to the customer. There was evidence that, when the defendant's agent sought to ascertain the purpose of the assignment, the plaintiff replied that he had a right to make the assignment. The defendant's agent then declined to continue the negotiations and nothing further was done. The evidence does not show that the defendant's agent was acting other than in good faith, and the plaintiff not having effected a sale was not entitled to a commission, which became payable only if and when the papers should "actually be passed." *Munroe* v. *Taylor*, 191 Mass. 483. *Clark* v. *Hovey*, 217 Mass. 485. *Goldman* v. *Eisenberg*, 256 Mass. 566. *Goldstein* v. *Ziman*, 259 Mass. 430. *Canton* v. *Thomas*, 264 Mass. 457. *Zakszewski* v. *Kurovitzky*, 273 Mass. 448.

The plaintiff contends that he was prevented from earn-

ing a commission by the action of the defendant's agent in terminating the negotiations when he learned of the assignment of the commission to the prospective buyer. We do not suggest that this would be a ground of liability, but the defendant did not consent to the making of the assignment and it did not intend to sell the property below the price it had fixed. The plaintiff was bound to act solely for the benefit of the defendant in procuring a customer and in effecting a sale of the property. He could not himself become the purchaser, and he could not secretly enter into an agreement with the buyer that would conflict in any way with the obligation he had assumed of acting in entire good faith in the interest of the defendant. *Sullivan* v. *Tufts*, 203 Mass. 155. *Dzuris* v. *Pierce*, 216 Mass. 132, 136. *Hall* v. *Paine*, 224 Mass. 62. *Friedman* v. *Ballard*, 250 Mass. 167. *Libby* v. *Smith*, 293 Mass. 465. The defendant was entitled to know whether the plaintiff had entered into any arrangement with the buyer adverse to the defendant's interest. The principal has a right to be informed of all material facts known to the agent in reference to the transaction in which he is acting for his principal, and good faith requires a disclosure of such facts by the agent. *Farnsworth* v. *Hemmer*, 1 Allen, 494. *Smith* v. *Townsend*, 109 Mass. 500. *Veasey* v. *Carson*, 177 Mass. 117. *Ebert* v. *Haskell*, 217 Mass. 209. *Wheelock* v. *Zevitas*, 229 Mass. 167. *Evatt* v. *Willard D. Martin, Inc.* 302 Mass. 414. It is to be noted that the plaintiff did not disclose the purpose for which the assignment was made or show that it was not inconsistent with the full and faithful discharge of the obligations he owed the defendant. He simply stated that he had a right to make the assignment. The evidence could be found to be sufficient to warrant an inference adverse to the plaintiff. In an action at law the general finding is not to be reversed if it can be supported upon any possible view of the evidence. *Kennedy Bros. Inc.* v. *Bird*, 287 Mass. 477. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 216. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495. Moreover, the general finding must be held to include a finding of all the subsidiary facts essential to that conclusion and to in-

clude a finding that the defendant was justified in terminating the negotiations. *Nicoli* v. *Berglund*, 293 Mass. 426. *MacLean* v. *Neipris*, 304 Mass. 237.

In view of what has been said it is apparent that the judge was right in refusing the plaintiff's requests for rulings.

*Exceptions overruled.*