JOSEPH S. KAUFMAN, trustee, *vs.* MAX KAITZ.

Essex. December 7, 1949. — December 29, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Agency,* Agent's duty of fidelity. *Broker,* Commission, Fraud of broker. *Fraud. Evidence,* Court record. *Damages,* For breach of contract.

A real estate broker hired by an owner of land to procure a purchaser for the land forfeited his right to a commission where, without the knowledge of the landowner, he was the holder of half the stock of a corporation which took title to the land as nominee of an ostensible purchaser procured by him.

Papers in a case in a District Court of the United States, produced by a deputy clerk of that court at a trial in a Massachusetts court, were properly admitted in evidence on testimony by the deputy clerk that, to his personal knowledge, they were original papers of the District Court obtained by him from its files, although he also testified that the clerk, not he, was the custodian of the papers.

An owner of land, from whom an unfaithful real estate broker had obtained a commission in a sale of the land although he had forfeited his right thereto, was entitled to recover the amount of the commission from the broker without proving any actual damage resulting from his unfaithful conduct.

CONTRACT. Writ in the Superior Court dated February 11, 1946.

The declaration was in two counts. In the first count the plaintiff set out in detail acts of unfaithfulness of the defendant as his real estate broker and averred that "the defendant owes him the sum of $1,750 paid to him without knowledge of the facts." The second count was upon an account annexed "for money had and received by the" defendant "and belonging to the" plaintiff.

The action was tried before *Goldberg,* J. Motions by the defendant for a directed verdict on each count were denied. There was a verdict for the plaintiff on each count in the sum of $1,750 and interest. The defendant alleged exceptions.

*W. E. Sisk, R. L. Sisk, & S. Mondlick,* for the defendant, submitted a brief.

*B. Aldrich,* for the plaintiff.

LUMMUS, J. The plaintiff owned real estate in Lynn at the corner of Western Avenue and Franklin Street. In May, 1944, he employed the defendant as a broker to procure a customer for the real estate. The price named at first was $50,000, but when the defendant told the plaintiff later that he had a customer who would pay $45,000, the plaintiff became willing to sell at that price, and an agreement was executed by one Mishara, the plaintiff, and the defendant "(as broker)" for sale and conveyance to Mishara "or his nominee" at that price, the parties agreeing that a commission of $1,750 was to be paid to the defendant. Later the defendant and the purchaser told the plaintiff that "for tax purposes" they would like a different agreement showing the purchase price as $43,250. The plaintiff then drew a new agreement, dated June 21, 1944, showing the purchase price as $43,250, and stating that the defendant waived all claims to commission. This agreement was evidenced by two copies, one signed by the plaintiff, the defendant and Mishara, and the other by Mishara, his nominee, Elma Realty Co., and the defendant, and provided that the real estate was to be conveyed to Elma Realty Co., a corporation. That corporation took title. It appeared that half of its stock was owned by the defendant, although it stood in the name of his married daughter.

The parties were in conflict as to whether the plaintiff knew that the defendant held that stock. The verdicts for the plaintiff in this action to recover back the commission of $1,750 showed that the jury believed that the plaintiff did not know of the defendant's holding of stock, that the defendant received $1,750, the amount held back from the real purchase price, and that he had no right to retain that sum. The evidence warranted those findings. *Farnsworth* v. *Hemmer,* 1 Allen, 494. *Veasey* v. *Carson,* 177 Mass. 117, 120, 121. *Evatt* v. *Willard D. Martin, Inc.* 302 Mass. 414, 416.

The testimony of the plaintiff and the defendant being in conflict as to whether the plaintiff knew of the defendant's relations with Mishara and the grantee corporation, the plaintiff called as a witness the deputy clerk of the United States District Court for Massachusetts, who brought with him the original papers in a criminal case in that court against the defendant in which he entered a plea of guilty and was fined for a violation of the emergency price control act of 1942.[1] To the admission of this record the defendant excepted. General Laws (Ter. Ed.) c. 233, § 69, provides that "The records and judicial proceedings of a court of another state or of the United States shall be admissible in evidence in this commonwealth, if authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal." In *Kingman* v. *Cowles*, 103 Mass. 283, 284, it was said, "The clerk is the proper custodian of the records." In *Willock* v. *Wilson*, 178 Mass. 68, 74, 75, this court said that "where the certifying officer is other than the clerk, it should appear by the certificate or otherwise that he has 'charge of the records.' . . . The person attesting the records in this case is the deputy clerk acting in the name of the clerk. It should therefore be made to appear somewhere that the deputy clerk is in charge of the records." But the foregoing authorities, relied on by the defendant, do not apply to the present case. In this case the record of conviction was not admitted on the certificate of anyone. It was admitted upon the sworn testimony of the deputy clerk, who brought it to the witness stand and testified that the record produced comprised the original papers of the District Court. We see no error in the admission of this record. *Day* v. *Moore*, 13 Gray, 522, 524. *Commonwealth* v. *Segee*, 218 Mass. 501, 504. Wigmore, Evidence (3d ed.) § 1186.

There was no error in the refusal of requested instructions

---

[1] The witness testified that he was deputy clerk of the District Court; that he obtained the papers from the "original file" of that court; that he knew personally from signatures and notations on the papers that they were original papers of that court, and that the clerk of that court, not he, was the custodian of the papers. — REPORTER.

that the plaintiff could not recover because no damage had been proved, or that he could not recover more than nominal damages. The right to recover back a commission paid to an unfaithful broker does not depend upon proof of financial loss. *Quinn* v. *Burton*, 195 Mass. 277, 279. *Evatt* v. *Willard D. Martin, Inc.* 302 Mass. 414, 416.

*Exceptions overruled.*