*Northern District*

No. 4741

## WILLIAM HARTWICK, d/b/a
## FIELDS CORNER REALTY CO.
### v.
## JOHN GORHAM

## JOHN GORHAM
### v.
## WILLIAM HARTWICK, d/b/a
## FIELDS CORNER REALTY CO.

(May 11, 1954)

*Brooks, J.* In the case of *Hartwick v. Gorham*, plaintiff, a real estate broker, sues for a commission on the sale of defendant's real estate in the amount of $285, being 5% on purchase price of $5700. The answer is general denial and bad faith on the part of plaintiff.

In the case of *Gorham v. Hartwick*, plaintiff alleges that he employed defendant to sell his real estate for $5700; that at defendant's instigation, he signed an agreement with a customer for sale of $5700; that as a result of defendant's fraudulent acts and representations, he subsequently executed a deed for the same consideration to one McDonough, a different customer from the one mentioned in the agreement; that the property was sold to McDonough, not for $5700 as stated in the deed, but $6300 and that defendant fraudulently retained the difference, namely $600.

The answer is a general denial.

The cases were tried together, The court made special findings in each case.

After disposing of Requests for Rulings in *Hartwick v. Gorham,* the judge went on to say:

"In this action, the plaintiff broker seeks recovery of a commission for effecting the sale of the defendant's real estate.

"In a companion case the owner seeks recovery from the broker of a profit he made in the sale.

"On September 29, 1951, the defendant owner listed his property for sale with the plaintiff broker. A binding agreement for sale was executed on October 3, 1951, by the terms of which the owner agreed to sell his property to Rose McGinnis, or her nominee, for the sum of $5700.00. The broker seeks a commission for the sale, claiming that the property was sold to a "nominee" of Rose McGinnis. This agreement was signed by John J. Gorham (the defendant owner) and by 'Rose McGinnis by her broker, William L. Hartwick,' (the last named being the plaintiff broker). Rose McGinnis is an aunt of an employee of the plaintiff broker. After the signing of the agreement, Rose McGinnis made a further inspection of the premises she had agreed to buy, and found defects which caused her to inform the plaintiff broker that she did not want to 'go through' with the agreement, whereupon she hired the plaintiff broker to sell the property for her. The property was sold to one McDonough for the sum of $6300.00, but a settlement was made with the owner, Gorham, the defendant, in this action on a sale price of $5700.00.

"I find that the plaintiff broker committed a breach of the duty he owed to the defendant owner, and has therefore lost his right to a commission. The plaintiff failed to disclose to the defendant his dual employment; he had not disclosed to the owner that Rose McGinnis was not buying, although, obviously the owner is charged with the knowledge that McDonough was the purchaser since he was the grantee

in the deed that was executed. The broker did not disclose to the owner that the property was actually being sold for $6300.00; the owner believed that the sale price was $5700.00 and a settlement was made on a basis of a sale price of $5700.00. As will appear in the findings of the companion case, the broker retained the profit above the $5700.00 sale price.

"I find that the plaintiff broker was guilty of fraud and concealment, and therefore, cannot recover."

After disposing of the Requests for Rulings in *Gorham v. Hartwick*, the court went on to say:

"This is a companion case, to the action of the broker, who sought recovery of a commission. In this action the plaintiff owner seeks recovery from the defendant broker of money which the plaintiff claims was unjustly retained by the broker out of the proceeds of the sale of the owner's property.

"Reference is made to the special findings in the cross action, the companion case, and incorporated above.

"I find that the defendant broker acted in bad faith; he did not disclose to the plaintiff owner of the sale for the sum of $6300.00 and he made a settlement on the basis of a sale price of $5700.00. The broker was hired to effectuate a sale, and was required to act in entire good faith. I rule that if an advantageous bargain can be made, it is the principal and not the broker who is entitled to the benefit, because it is the business of the principal and not the broker which is being done. The profit and advantage resulting from the broker's efforts belong to his principal, the owner, for whom he is acting.

"The broker acted in bad faith and in derogation of the duty he owed the owner. He should not be entitled to retain that sum he actually received which I find was $315.00. I do not see how I can impose on this defendant that amount which *Rose McGinnis* received."

A somewhat confusing picture is presented by

Hartwick's pleadings and brief. In order to sustain his claim for a commission, he asserts on the one hand that he procured a sale of Gorham's property to Rose McGinnis and resold it for her to McDonough, and on the other hand, that he procured a sale of the property to McDonough, her nominee.

The claims are, of course, inconsistent. If Rose McGinnis sold to McDonough, Gorham could not have been his grantor. There was only one seller, Gorham, and only one purchaser; McDonough. It is pure fiction to say that Rose McGinnis purchased the property. The fact is she repudiated her agreement to buy.

Likewise fiction is the suggestion that McDonough was her nominee. The fact is these two did not know each other nor have anything to do with each other. McDonough came into the picture through a newspaper advertisement inserted by Hartwick without reference to Rose McGinnis. Both of Hartwick's contentions are, therefore, without foundation in law or fact.

However, there is no doubt that Hartwick procured McDonough as a customer for Gorham, that title passed to Gorham and that he received $5700, less $285, which, because Gorham refused to pay a commission, was held in escrow pending the outcome of this litigation. Subsequently, when Gorham discovered that Hartwick had actually sold the property not for $5700 but for $6300 and was planning to retain the difference, he raised the question about Hartwick's right to retain this profit.

For procuring the sale to McDonough under all these circumstances and others more fully set forth in the report, is Hartwick entitled to a commission and to retain the $600?

A broker occupies a fiduciary relationship to his principal. *Berenson v. Nirenstein*, 326 Mass. 285; *Spritz v. Brockton Savings Bank*, 305 Mass. 170. A broker cannot enforce an agreement for commission against his principal if he has not disclosed to him essential facts whereby the principal is misled.

*Ebert v. Haskell,* 217 Mass. 209. Forfeiture of compensation follows the existence of an undisclosed deal. *Friedman v. Ballard,* 250 Mass. 167; *Evatt v. Martin,* 302 Mass. 414.

"Where a fiduciary, in violation of his duty to the beneficiary, receives or retains a bonus or commission or other profit, he holds what he receives upon a constructive trust for the beneficiary." Restatement of the Law—Restitution, p. 197. Specifically, where the broker reaps a profit through undisclosed operations inconsistent with his duty to his principal, he may not retain such profits. *Bassett v. Rogers,* 165 Mass. 377.

While still occupying a fiduciary relationship to Gorham, Hartwick concealed essential facts from his principal. As the trial court found, this concealment was deliberate and primarily for his own advantage and to the disadvantage of his principal. He is not entitled to benefit from such conduct, either by way of a commission or the retension of profits. Since, however, Gorham is apparently content to abide by the trial court's award under which part of the $600 was not paid over to him, we are not disposed to disturb the finding in that respect.

Numerous Requests for Rulings were filed in each case, almost all relating to the matter of good faith and the fiduciary relationship between a real estate broker and his principal. It is not necessary to refer to these specifically since the subject matter is adequately and correctly treated in the judge's findings.

There being no prejudicial error in the findings and the disposition of the Requests for Rulings, the consolidated report is to be dismissed.

James H. Dixon, for Hartwick.

Joseph G. Schumb, for Gorham.