*Northern District*

No. 4791

JANINA GAVELIS

v.

ELM FARM FOODS CO.

(April 8, 1955)

*Brooks, J.* This is an action of tort for personal injuries suffered by plaintiff on defendant's premises. The first count alleges in brief that defendant negligently failed to maintain its premises so that the same might be safe for customers. The second count in brief alleges that defendant operated a store for displaying and selling food products; that plaintiff was a customer invited to the premises; that defendant caused or allowed a wire cable to be strung along the floor so as to make it unsafe in consequence of which plaintiff was thrown to the floor and injured.

At the conclusion of the evidence, plaintiff filed 19 requests for rulings which it is not necessary to set forth in full. No. 1 requested a ruling that plaintiff was in the exercise of due care; No. 2 requested a ruling that defendant was negligent. Both of these requests were denied by the court. The remaining requests were denied as inapplicable on the facts found. At the same time, the court made the following findings of fact based on the evidence in the report which need not be further set forth herein.

## FINDINGS OF FACT AND RULING ON PLAINTIFF'S REQUESTS

"On April 9, 1952 the plaintiff, a customer in the defendant's store in Cambridge, was injured by falling over a dark cable which was laid on the floor of the store along the aisle eight to ten feet wide as part of a previously advertised live television broadcast advertising campaign by the defendant which lasted from 10:00 A.M. approximately three or four hours. The cable was attached at the further end of the aisle to a television camera or similar apparatus. Over the cable were placed small carriages such as are used in the store for the convenience of customers for carrying merchandise every ten to fifteen feet. There were twenty to thirty warning signs in sizes fourteen by eleven inches displayed in the store and along the aisle. One employee was stationed at each of the two entrances of the store to warn customers. The plaintiff testified she saw the cable on entering the store extending along the aisle.

"I find that the defendant took all reasonable and adequate precautions to warn its customers of the situation and was not negligent.

"I find that the plaintiff was guilty of contributory negligence which was the cause of her fall.

"I deny plaintiff's requests one and two.

"I deny the following requests of the plaintiff as inapplicable in view of the facts found, three to nineteen inclusive."

s/ Louis L. Green

Special Justice

The question of the negligence of defendant and of the contributory negligence of plaintiff is ordinarily a question of fact for the court's determination. In the absence of obvious error on the part of the court, its findings in that respect will not be disturbed. *Hosmer, Inc. v. Commonwealth*, 302 Mass. 495, 499; *Spritz v. Boston Savings Bank*, 305 Mass. 170; *Engel v. Checker Taxi*, 275 Mass. 471, 475.

We find no obvious errors in the court's findings of fact or in the disposition of the plaintiff's requests for rulings. *Report dismissed.*

Charles J. Austin, for the plaintiff.

John P. Regan, for the defendant.