COMMONWEALTH *vs.* JOHN RONDONI.

Suffolk.    November 7, 1955. — December 29, 1955.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Evidence,* Court record. *Practice, Criminal,* Exhibits to jury room.

A document bearing a certificate signed by the clerk of a Connecticut court under its seal that the document was "a true copy of the judgment rendered" in a certain criminal case and containing below the caption identifying that case recitals of a criminal charge, the appearance of the defendant, a plea of guilty, and the sentence imposed was admissible under G. L. (Ter. Ed.) c. 233, § 69; § 21 as amended, at the trial of an indictment in this Commonwealth to affect the defendant's credibility as a witness in his own behalf after he had admitted on cross-examination that he was the person referred to in the document; and there was no error in permitting him to be asked whether he was that person.   [386]

The fact that a record of a prior conviction, duly admitted in evidence at the trial of an indictment to affect the credibility of the defendant as a witness, contained recitals of certain nolprossed charges besides the charge on which there had been a conviction did not show error in allowing the record to be taken to the jury room where the judge specifically instructed the jury to disregard the nolprossed charges.   [386]

INDICTMENT, found and returned on February 6, 1951.

The case was tried in the Superior Court before *Higgins,* C.J.

*George H. Lewald*, for the defendant.

*Gerald Miraldi*, Assistant District Attorney, for the Commonwealth.

WILLIAMS, J. The defendant was found guilty by a jury of abuse of a female child, and, after sentence, appealed to this court under the provisions of G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended. The assignments of error on which he now relies relate to the admission of a document purporting to be a record of his conviction on April 2, 1952, in the Superior Court of New Haven County, Connecticut, of the offence of carrying a weapon; to a question asked him on cross-examination if he was the person therein named; and to the subsequent submission of the document to the jury.

This document was offered by the Commonwealth to affect the defendant's credibility as a witness after he had testified in his own behalf and admitted that he was the person referred to therein. See G. L. (Ter. Ed.) c. 233, § 21, as amended by St. 1950, c. 426. It consisted of two sheets of paper affixed by staples to a backer. On the first page there appeared in typewriting, the title of the court, the name of the presiding judge, the name of the case, and the date. Below was a statement that John J. Rodoni appeared on April 1, 1952, to answer to an information by the attorney for the State charging him with the crimes of "assault intent to kill and theft"; that he pleaded not guilty to each count; that these counts were nolprossed; that the State's attorney with the consent of the court "filed an added third count charging carrying weapon, and the prisoner for plea said 'guilty' to said added third count." It further appeared that on this count he was sentenced to the State prison for a term of from two to four years. Below was the typed signature of an assistant clerk. On the second page was a certification by the clerk over his signature that the "foregoing is a true copy of the judgment rendered on April 2nd, 1952 (Hon. J. Howard Roberts, Judge) in the case of #9548 State of Connecticut vs. John J.

Commonwealth v. Rondoni.

Rodoni, and on file and recorded in the records of this court in volume 26, page 408." This certificate appears to have been made on official court stationery to which the court seal has been affixed and intended to relate to the facts set forth on the first page.

General Laws (Ter. Ed.) c. 233, § 69, states that "The records and judicial proceedings of a court of another state or of the United States shall be admissible in evidence in this commonwealth, if authenticated by the attestation of the clerk or other officer who has charge of the records of such court under its seal." The clerk is the proper custodian of court records (*Kaufman* v. *Kaitz*, 325 Mass. 149, 151) and the document plainly meets the statutory requirements as to authentication. *Portland Maine Publishing Co.* v. *Eastern Tractors Co. Inc.* 289 Mass. 13, 15. It is not necessary that a record be fully extended in order to afford proof of a judgment if the facts essential thereto are set forth. *McGrath* v. *Seagrave*, 2 Allen, 443. *Good* v. *French*, 115 Mass. 201, 204. We think that the questioned document was sufficient proof of the defendant's prior conviction of a crime and was properly admitted in evidence.

There was no error in permitting the Commonwealth to ask the defendant if he was the person to whom the record referred. To make it admissible it was necessary to identify the defendant as that person. *Commonwealth* v. *Sullivan*, 150 Mass. 315, 317.

There was also no error in allowing the record to be taken to the jury room. *Forcier* v. *Hopkins*, 329 Mass. 668, 672. While it contained a statement of charges which had been nolprossed the judge carefully instructed the jury that such charges were to be disregarded. It must be assumed that the jury followed his instructions and that the defendant was not prejudiced. *Commonwealth* v. *Ham*, 150 Mass. 122, 124. *Commonwealth* v. *Cline*, 213 Mass. 225, 227. *Commonwealth* v. *Morrison*, 252 Mass. 116, 125. *Commonwealth* v. *Capalbo*, 308 Mass. 376, 381–382. *Commonwealth* v. *Giacomazza*, 311 Mass. 456, 465.

*Judgment affirmed.*