CHARLES K. PEVEY *vs.* PARKER G. SKINNER & another.

Worcester. October 1.— 8, 1874. COLT & MORTON, JJ., absent.

Where a person occupies a part of a building under a lease, and has a sign upon the outer wall of a different part of the building, in the same place where it was maintained for a long time previous to the granting of the lease, the law will imply a license from the owner of the building so to maintain it.

The right of a person to use the outer wall of a part of a building occupied by him under a lease which provides "that the lessee may have the right to place signs upon the outer wall of said rooms," is a privilege, and not an exclusive right, and *primâ facie* is to be exercised in reference to the condition of the premises at the time the lease was given; and he is not entitled to put another person, who is occupying a part of said outer walls with a sign, to the proof of any title thereto, beyond a license from the owner of the building.

TORT for placing a sign on the outer wall of the plaintiff's room. At the trial in the Superior Court, before *Allen*, J., the following facts appeared: R. C. Taylor, the owner of a block of buildings on the corner of Main and Pleasant streets in Worcester, gave a lease under seal to the plaintiff of a room in the second story in the block on May 3, 1872, for five years, which provided

" that the lessee may have the right to place signs upon the outer wall of said rooms." On September 6, 1870, Taylor gave the defendant a lease under seal for five years of the following premises: " The corner store in my block, situated upon Main and Pleasant Streets, in said Worcester, with the cellar or basement to the same, and all the privileges thereto belonging, being the same premises that the said lessee now occupies." At the date last named and for a long time prior thereto, during which the defendants had occupied the same store, their sign was placed on the outer wall fronting Main Street, so that more than one half of the width of it extended above the floor line of the plaintiff's room, and covered that part of the outer wall of said room, and continued in such position to the date of the writ. This sign was nearly two feet wide. The width of the lintel above the line of the windows of the store was $11\frac{2}{3}$ inches. The open space from the bottom of the lintel to a point on the outer wall above, opposite the plaintiff's floor line, was $20\frac{7}{3}$ inches. The sign extended above this point $15\frac{2}{3}$ inches. There was a space of 12 inches below the sign unoccupied for any purpose. After the plaintiff took his lease, and before commencing this suit, he requested the defendants to remove their sign from this outer wall, but they refused. The plaintiff had been in possession of the room leased to him for two or three years before he obtained the lease; and when he took his lease he knew the situation of the defendants' sign.

The plaintiff contended and asked the judge to rule that the right to maintain the sign as aforesaid did not pass to the defendants by virtue of their lease, unless the same was reasonably necessary to the beneficial use and enjoyment of the leased premises ; and offered evidence tending to show that it was not reasonably necessary to the beneficial use and enjoyment of the defendants' estate to maintain said sign as aforesaid, or to occupy the outer wall of the plaintiff's room for the sign to the extent aforesaid, and that the same could be lowered so as to cover the unoccupied space on the outer wall of the defendants' store at a trifling expense, and such new position would be a fit and suitable one for said sign.

The judge declined so to rule, rejected the evidence offered and instructed the jury as follows : " If at the time the defendants took their lease the sign which is the subject of this complaint

occupied the exact position it did at the time the plaintiff took his lease, if the outer wall had been prepared by the owner of the building or some former occupant for such use by placing therein bolts or iron rests for the purpose of supporting said sign on said outer wall, and at the time the same was apparently so used, and for many years had been so continuously used, the right to such use would pass to the defendants by their lease, if the place of said sign was a reasonable and proper one."

Upon this ruling, the plaintiff consented to a verdict for the defendants, and alleged exceptions.

*H. B. Staples & F. T. Blackmer*, for the plaintiff.

*G. F. Verry & F. A. Gaskill*, for the defendants, were not called upon.

WELLS, J. Upon the facts set forth in the bill of exceptions, there was an implied license, at least, from the owner of the building to the defendants, to maintain their sign in the position of which the plaintiff complains. As it was in that position when the defendants took their lease, and had been so for a long time previously, we are inclined to the opinion that the right to continue it in that position was a privilege secured to the defendants by the terms and effect of their lease; and that the ruling and instructions of the court at the trial were right.

However that might be, the plaintiff shows no right of exception. The point, to which the instruction asked for as well as that given were addressed, was not material to the plaintiff's rights. It is true that the ruling that the defendants had a right to maintain the sign, under their lease, made a verdict against the plaintiff the necessary result. But it would have been equally so if the right of the defendants had been held to be a revocable license only. The plaintiff's lease was subsequent to that of the defendants. His right to use the outer surface of the wall was defined and thereby limited by the terms of his lease. Those terms were "that the lessee may have the right to place signs upon the outer wall of said rooms." It was a privilege, not an exclusive right. *Primâ facie*, it was to be exercised in reference to the condition of the premises at the time the lease was given. There is nothing to show that it could not be fully enjoyed without interference or obstruction from the sign of the defendants. If it could, then the grant of that privilege to the plaintiff cannot be construed as a revocation of the license to the defendants.

The plaintiff, not having shown any right in himself to the space covered by the sign of the defendants, was not entitled to put them to the proof of any title thereto in their justification beyond that of their original license from the owner.

*Exceptions overruled.*