. THERESA E. STEFANI *vs.* DAVID FRESHMAN & trustee.

Suffolk.   January 13, 1919. — March 1, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Negligence,* Of one controlling real estate. *Landlord and Tenant. Snow and*
 ' *Ice. Notice.*

Where an entire building is demised by a lease in writing and the tenant covenants
 " to do all the necessary repairs," and where such tenant puts up and maintains
 a wooden canopy over a doorway or entrance to a basement store without any
 gutter or conductor whereby rain water may be diverted from the sidewalk of
 the street and the formation of ice thereon prevented, if a traveller on the side-
 walk is injured by slipping and falling on a ridge of ice so formed, such tenant
 is liable for the injuries thus caused if the person injured gave notice of the
 "time, place and cause of the accident" as required by St. 1908, c. 305, as
 amended.

A notice of the time, place and cause of an accident occasioned by snow or ice
 given under the requirement of St. 1908, c. 305, as amended, addressed "to
 the person, persons or corporation in control of the premises" described, if
 delivered to the person in control, is a good notice to that person, although
 his name is not mentioned in the writing.

TORT for personal injuries sustained by the plaintiff on December
29, 1914, by slipping and falling on an accumulation of ice and
snow on the sidewalk of Etna Street at the corner of North Beacon
Street in the part of Boston called Brighton, caused by negligence
of the defendant, who was in control of the adjoining building.
Writ dated January 25, 1916.

In the Superior Court the case was tried before *White,* J., at the
same time with another case against Chase Langmaid, the owner
of the building.  The plaintiff offered evidence tending to prove
that the accident occurred on December 29, 1914, on the sidewalk
in front of the entrance to the basement of a building on the
northwest corner of Etna Street and North Beacon Street,
Brighton; that the entrance led to a store in the basement occu-
pied by the defendant Freshman; that the building was owned
by Chase Langmaid, who held the legal title to it in trust for
Webster C. Langmaid; that the building was of brick, two and
one half stories high with a somewhat flat roof, which pitched

slightly from the ridgepole in the centre toward North Beacon Street and from the same point toward the rear wall of the house; that the entire basement was adapted for and used as a store with an entrance on Etna Street, in front of which entrance the accident occurred; that the side wall of the building on Etna Street was topped by a brick parapet about eight inches wide and extending over the entire length of the wall. The plaintiff also offered evidence tending to prove that at the time of the accident the defendant was the lessee and occupant of the entire building including the basement store under a lease, which was introduced in evidence, and which contained the following covenant: "The lessee is to pay all the water rates, and also to do all the necessary repairs."

The plaintiff also introduced evidence tending to prove that Webster C. Langmaid was duly authorized to execute the lease in behalf of Chase Langmaid; that during the occupation by the defendant under the lease a wooden canopy or hood was maintained over the doorway or entrance to the basement store on Etna Street; that such canopy or hood was as long as the doorway was wide, that is, about five feet, and projected out from the side of the building into Etna Street about eighteen inches and sloped at an angle of about forty-five degrees from the side wall of the building downward toward the sidewalk; that the outer edge of this canopy or hood projected slightly beyond and was parallel with the outside edge of a step which was let down into the Etna Street sidewalk and was built below its surface so as to afford easy access to the basement store; that the canopy was constructed to protect the store entrance from rain and snow and that there was no gutter or conductor on the outside edge of the canopy nor connected with it in any way to carry off drippings. It was admitted that Etna Street at the place where the accident occurred was a public street and that the sidewalk at the place in question was made of dirt and gravel.

The plaintiff also offered evidence tending to prove that on January 11, 1915, two copies of a notice of the time, place and cause of the accident were delivered to the defendant Freshman in the basement store on Etna Street and that on the same day the defendant handed one copy of the notice to Webster C. Lang-

maid who was duly authorized to receive it in behalf of the owner Chase Langmaid

The notices were identical in form. The one delivered to the defendant Freshman was as follows:

"Boston, January 7, 1915.

To the person, persons or corporation in control of the premises situated on the northwest corner of Etna Street and North Beacon Street, in that part of Boston called Brighton, being the same premises occupied in whole or in part by D. Freshman.

You are hereby notified that while I was a traveler on the sidewalk on Etna Street, in that part of Boston called Brighton, in front of the premises described above, on December 29, 1914, about 5.45 to 6.15 P. M., and that while I was in the exercise of due care, I was injured by slipping on said sidewalk opposite the entrance to the basement of said premises described above, said basement being used for store purposes, and the entrance to said basement being the first doorway from North Beacon Street, going South along Etna Street; that said injuries were caused by the slippery and unsafe condition of said sidewalk, and by the accumulation thereon of ice and snow or of ice or snow, which accumulation was caused and suffered to remain through your negligence, for which injuries I claim compensation in damages.

Mrs. Theresa E. Stefani,

By her Attorney,

Thomas C. O'Brien."

At the close of the evidence the judge ordered a verdict for the defendant Langmaid. He refused to order a verdict for the defendant Freshman. That defendant then asked the judge to make the following rulings:

"1. Upon the evidence, the plaintiff is not entitled to recover.

"2. That there is no evidence upon which to justify a verdict for the plaintiff."

The judge refused to make either of these rulings and submitted the case to the jury against the defendant Freshman. The jury returned a verdict for the plaintiff in the sum of $1,500; and the defendant Freshman alleged exceptions.

*J. H. Blanchard,* (*C. Gerstein* with him,) for the defendant Freshman.

*James J. McCarthy,* (*T. C. O'Brien* with him,) for the plaintiff.

BRALEY, J. The action is tort to recover damages for personal injuries caused by a ridge of ice on the sidewalk of a public way on which the plaintiff while a traveller slipped and fell. The jury having returned a verdict for her, the case is here on the defendant's exceptions to the admission of evidence, and to the refusal of the presiding judge to rule that the action could not be maintained.

The evidence warranted a finding, that the accumulation of ice was caused by the freezing of water dripping from a wooden canopy or hood which projected over the sidewalk and formed part of a building abutting on the street, occupied by the defendant as a tenant of one Langmaid the lessor. It is argued that, if the plaintiff can recover, the lessor alone is liable under the rule of *Maloney* v. *Hayes*, 206 Mass. 1, and *Marston* v. *Phipps*, 209 Mass. 552. But by the terms of the lease the entire building was demised, and, having covenanted " to do all the necessary repairs," the defendant as between himself and the public was required to keep the building in such a state of repair that the sidewalk of the adjoining street would be reasonably safe for the plaintiff's use. *Shipley* v. *Fifty Associates*, 101 Mass. 251. *Leonard* v. *Storer*, 115 Mass. 86. *Coman* v. *Alles*, 198 Mass. 99, 102. The lessee's possession and control of the building included the canopy over the doorway or entrance to the basement store, which the jury on evidence properly admitted could find had been put up and maintained by him without a gutter or conductor whereby the water might have been diverted from the street and the formation of ice thereon prevented. The building under such conditions imperilled the safety of travellers, and was a nuisance to which the jury could say the plaintiff's injury was attributable. *Shipley* v. *Fifty Associates*, 101 Mass. 251, 253

But under St. 1908, c. 305, as amended, the plaintiff cannot prevail unless the defendant was given notice of the time, place and cause of the injury. *Tobin* v. *Taintor*, 229 Mass. 174. It was contended at the trial that the notice "was not properly addressed to either defendant and . . . the cause of the accident was not properly explained," and it was urged at the argument, that no cause of action is described in the notice because the "time, place and cause of accident" are not specified. The defendant, however, duly received the notice, which under St. 1908, c. 305, as amended,

is sufficient not only in form but in substance for reasons stated in *Merrill* v. *Paige*, 229 Mass. 511.

The plaintiff having been entitled to go to the jury, the ruling requested was refused rightly, and, no error of law appearing in the admission of evidence, the exceptions should be overruled.

*So ordered.*