PATRICK HAVERTY vs. ROGER ERNST, trustee.

Suffolk. March 4, 1919. — April 4, 1919

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Snow and Ice,* Notice. *Notice.*

If one, who is injured by an improper accumulation of snow and ice upon a sidewalk in front of premises owned by one who holds the legal title as trustee for the sole benefit of a woman whom he had authorized to carry out "the detailed supervision of the property," in good faith gives to such woman a notice in writing of the time, place and cause of the injury, which is addressed to her personally as owner of the premises and which she delivers to the trustee, and if the trustee was not prejudiced by the inaccuracy in the statement of the owner's name nor prevented nor unreasonably delayed from receiving actual notice of the injury and of the claim, such notice may be found to be a compliance with the requirements of St. 1908, c. 305; 1913, c. 324.

TORT for personal injuries caused by falling upon snow and ice upon a sidewalk in front of premises owned by the defendant as trustee for the benefit of one Mrs. Nellie Vogel. Writ dated March 16, 1917.

In the Superior Court the action was tried before *Raymond,* J. There was evidence warranting a finding that the plaintiff was in the exercise of due care and that negligence of the defendant caused his injuries. There was a verdict for the plaintiff in the sum of $500, and the judge reported the case to this court for determination of the sufficiency under Sts. 1908, c. 305; 1913, c. 324, and the circumstances described in the opinion, of the notice described in the opinion, which was sent by registered mail and was addressed to Mrs. Vogel as "Owner of premises No. 174–176 Lamartine Street, Jamaica Plain, Mass. Jamaica Plain."

*W. I. Badger, Jr.,* (*W. I. Badger* with him,) for the defendant.
*S. L. Bailen,* for the plaintiff.

CARROLL, J. The plaintiff contended that he was injured February 3, 1917, by falling upon snow and ice on the sidewalk in front of the premises numbered 174 Lamartine Street, Boston, the legal title to which was in the defendant, as trustee under the will of the husband of Mrs. Nellie Vogel. Mrs. Vogel lived

about a quarter of a mile from the premises. She was the sole beneficiary, during her life, under the trust. Since 1912 the defendant authorized Mrs. Vogel and her son to carry out "the detailed supervision of the property;" they also had authority to rent the premises and to collect the rents. There was sufficient evidence of the plaintiff's due care and of negligence on the part of the defendant to warrant the submission of the case to the jury. The only question of law raised by the report is the validity of the notice received by Mrs. Vogel March 3, 1917, and sent by her to the defendant, who received it March 5, 1917, which reads as follows:

"Mrs. Vogel,
    3 Lamartine Place,
        Jamaica Plain.
Dear Madam:

In accordance with provisions of law in such cases, made and provided, you are hereby given notice that on the 3rd day of February, 1917, at 1 o'clock in the afternoon of that day, I suffered severe and painful injuries by reason of my falling on the sidewalk adjoining in front of your premises situated in that part of Boston called Jamaica Plain and numbered 174 Lamartine St., Jamaica Plain. The cause of my fall was by accumulation of snow and ice upon said sidewalk.

                        Very truly yours,
                            Patrick Haverty.
                By his attorneys Bailen & Leveroni."

The jury found for the plaintiff.

Under St. 1908, c. 305, due service of a proper notice on the persons sought to be charged is a condition precedent to recovery for injuries arising from a defective condition on the defendant's premises, or on an adjoining way, caused by snow and ice. By St. 1913, c. 324, the time for giving the notice was extended to thirty days, and it was provided: "No notice shall be held to be invalid by reason of any inaccuracy or misstatement of the owner's name if it appears that the same was made in good faith and did not prevent or unreasonably delay the owner from receiving actual notice of the injury and of the claim that it occurred from a defective condition of his premises." The jury could have found

on the evidence presented that the defendant, who held the legal title, was not prejudiced by the inaccuracy in the statement of the owner's name, and further, that the mistake was made in good faith.

In *Sweet* v. *Pecker,* 223 Mass. 286, the notice was served upon the owners; action was brought against them and the tenants of the building. The plaintiff discontinued against the owners, and attempted to hold the tenants to whom he had failed to give notice. It was held that the plaintiff could not recover, the court saying: "There were two distinct interests which might have been liable to the plaintiff, — the owners and the tenants. He gave the notice required by the statute, and thereby completed his right of action against only one of them, — the owners." That case is distinguishable from the case at bar.

The plaintiff here sought to recover only from the legal owner. He did not bring an action against the beneficiary or contend that she was liable; and while in the notice she was alleged to be the owner, this was the plaintiff's mistake which was made in good faith and did not unreasonably delay the owner from receiving actual notice within the period of time defined by the statute. It is true that the notice was not sent by the plaintiff to the defendant, but the defendant received it within thirty days and he was not misled nor in any way harmed by the error. See *Erickson* v. *Buckley,* 230 Mass. 467, 469. Under these circumstances, to say that the notice was invalid would be to construe the statute too strictly.

As it could have been found that the notice given was sufficient and in compliance with the statute, judgment is to be entered for the plaintiff on the verdict.

*So ordered.*