MYRA BLANCHARD *vs.* STONE'S INC.

SAME *vs.* A. W. PERRY REALTY COMPANY.

Plymouth.   November 15, 1939. — December 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Snow and Ice. Notice. Negligence,* One owning or controlling real estate. *Landlord and Tenant,* Tenant's liability to third person, Landlord's liability to third person.

One, who received a notice stating that the sender had sustained personal injuries resulting from a defective condition of premises in his control which caused water "to be discharged therefrom upon the sidewalk and snow and ice to accumulate and remain upon the said sidewalk," and who did not give a counter notice under § 20 of G. L. (Ter. Ed.) c. 84, as amended by St. 1933, c. 114, § 3, and § 21, was precluded from contending that the notice was insufficient in that it failed to state the cause of the injury.

A notice under § 18 of G. L. (Ter. Ed.) c. 84, in the amended form appearing in St. 1933, c. 114, § 1, and § 21, was not invalid because it was given to a corporation in a name which was not its corporate name but was one under which it conducted its business.

The proprietor of a store, lessee of a portion of a building, properly could be found liable for personal injuries sustained by a traveller who fell on ice formed on a public sidewalk where the evidence was that five hours before the accident water was dropping from melting snow accumulated on an overhanging sign maintained by the proprietor as part of the store property.

A finding of liability of the owner of a building for injuries sustained in a fall upon ice formed on a public sidewalk from water dripping from a sign attached to the front wall of two floors of the building let to tenants was not warranted where there was no evidence that either the sign or such portion of the wall was in his control.

TWO ACTIONS OF TORT.  Writs in the Superior Court dated November 26, 1935.

The declaration in each case alleged that the plaintiff sustained injuries when she fell upon a sidewalk in front of 251 Union Street in Rockland "by reason of an artificial accumulation of snow and ice, which artificial accumulation was due to the negligence of the defendant, its agents, servants or employees."

The notice to "Stone's Men's Shop" read as follows:

"In accordance with the Massachusetts Statutes, you are hereby notified that Mrs. Myra Blanchard of 474 East Water Street, Rockland, Mass., sustained personal injuries while lawfully walking on the sidewalk of Union Street beside the premises occupied and controlled by you, which premises are numbered 251 Union Street, in the Blanchard Bldg., Rockland, Mass.  The time of the accident was about 5:00 p. m. on January 29, 1935.  The injuries were caused by your negligence in causing and allowing your premises to be in a defective and dangerous condition and in causing water to be gathered thereon and to be discharged therefrom upon the sidewalk and snow and ice to accumulate and remain upon the said sidewalk, and in causing and allowing the sidewalk to become and remain in a defective and dangerous condition, and in failing to repair the said defect. She intends to hold you responsible for the damage caused by this accident."

The actions were tried before *Dillon, J.,* and a verdict for the plaintiff in the sum of $2,500 was recorded with leave reserved in each case. Thereafter verdicts for the defendants were ordered entered.

*E. R. Langenbach,* for the plaintiff.

*R. Donovan, (C. C. Willard* with him,) for the defendant A. W. Perry Realty Company.

*F. G. Katzmann & M. J. Dray,* for the defendant Stone's Inc., submitted a brief.

Ronan, J. The plaintiff fell upon the sidewalk of Union Street in Rockland, late in the afternoon of January 29, 1935, in front of a store conducted by the defendant in the first case, which was located upon the street floor of a building owned by the defendant in the second case. The jury returned a verdict for the plaintiff against each defendant, and in accordance with leave reserved the judge, subject to the plaintiff's exceptions, ordered a verdict to be entered for each defendant.

The jury could find that the plaintiff slipped upon a round, dark patch of ice two feet in width, located in about the middle of a white cement sidewalk directly beneath a sign which had snow upon the top of it; that the rest of the sidewalk was clear, with the exception of a small amount of snow which projected from the gutter a little over the outer edge of the sidewalk; and that water was dripping from this sign at noon on the day of the accident.

In the action against the defendant Stone's Inc. there was evidence that one Stone had leased two stores, numbered 251 and 253 Union Street, in 1928, and that this lease expired in December, 1933, and was not renewed. The defendant corporation was formed in 1931. Stone was the president, treasurer, director and general manager, his wife was the secretary and a director, and the other director was an accountant. The store at 253 Union Street was vacated in 1933, and thereafter the corporation occupied the store at 251 Union Street for the sale of men's merchandise. Soon after Stone first occupied the premises he erected an oblong shaped sign which projected over and beyond the middle of the sidewalk. The lower edge of this sign was

located a little below the coping that runs along the front of
the building a short distance above the top of the first story.
The sign was attached to this coping and to the outside
wall of the second story of the building by angle irons.    It
was also supported by two chains running from the sign to
the coping, and by three chains attached to the second
story outer wall.    The top of the sign was covered by a
narrow roof, slightly pitched, which had vertical sides pro-
jecting down a short distance from the roof and over both
sides and the outer edge of the sign.    When first erected
the sign was illuminated by electric lights which were in-
stalled under the roof and above each face of the sign.
This sign was located about one-half way between 251 and
253 Union Street and displayed the words "Stone's Men's
Shop."    There was also a sign over the front of the store
which read "Stone's Inc. Men's Shops" and the awning was
lettered "Stone's Inc. Men's Shop."    The word "Inc." in
each instance, while readily legible, was smaller than the
rest of the words showing the name of the proprietor of the
business.    See *Slome* v. *Chief of Police of Fitchburg, ante,*
187.    Under each of the two front windows was painted
the word "Stone's."    Two of these signs indicated that
the store was conducted by a corporation, two tended to
show that it was maintained by an individual, and the
third set forth a trade name which might apply equally
to an individual or to a corporation.    This defendant ad-
vertised in the local newspaper under the name of Stone's
Men's Shop.    ·

A notice addressed to "Stone's Men's Shop" was received
by Stone on February 27, 1935, which he forwarded to some-
one almost immediately.    Stone testified that he would not
have done anything different from what he did if the notice
had been addressed to "Stone's Inc." rather than to "Stone's
Men's Shop."    This notice gave the name of the plaintiff
and the street and number of her residence in Rockland.    It
set forth the time and place of the accident, and alleged that
it was caused by the defective condition of the premises,
which caused water "to be discharged therefrom upon the
sidewalk and snow and ice to accumulate and remain upon

the said sidewalk." The notice made no mention of the sign. The defendant did not request a new notice from either the plaintiff or her attorney, who gave the notice upon one of his letterheads. The notice did not state any specific cause of the accident. *Noonan* v. *Lawrence*, 130 Mass. 161. *Merrill* v. *Springfield*, 284 Mass. 260. *King* v. *Boston*, 300 Mass. 377. G. L. (Ter. Ed.) c. 84, § 20, as amended by St. 1933, c. 114, § 3, provides that a defendant shall not avail himself of the omission to state the cause of the accident unless within five days after the receipt of the notice (which gives the address of the plaintiff or of the person giving the notice) he notifies the person who sent the notice that it is insufficient and requests a written notice in compliance with the law. The defendant is precluded by this statute from challenging the validity of the notice on the ground that it failed to state the cause of the injury.

The notice upon its face shows that it was intended to be given to the occupant and to the person in control of the store in front of which the plaintiff fell, and for which she claimed damages. A notice need not give the name of the person who is charged with responsibility for the accident if enough appears from the notice to show that it was intended to be given to a particular person and that it was received by him. *Stefani* v. *Freshman*, 232 Mass. 354. *Haverty* v. *Ernst*, 232 Mass. 543. The name of a person is the usual but not exclusive means of establishing his identity. *O'Brien* v. *Election Commissioners of Boston*, 257 Mass. 332. *Brewer* v. *Hayes*, 285 Mass. 144. A corporation may assume a trade name and conduct a business under a name other than the one designated in its charter, and is bound to persons who have dealt with it under such assumed name. *Gifford* v. *Rockett*, 121 Mass. 431. *William Gilligan Co.* v. *Casey*, 205 Mass. 26, 31. *Associates Discount Corp.* v. *Haynes Garage, Inc., ante*, 526. The notice sufficiently described the storekeeper as the one intended to be charged, and upon the evidence it could be found that it was the storekeeper who actually received the notice, although the notice was addressed to it in its popu-

lar rather than its legal corporate name.   It was said in *Bychower* v. *United Cigar Stores Co.* 253 Mass. 542, where a notice addressed to the owner and delivered to the tenant was held insufficient as notice to the tenant, that "The notice in some way ought to have named or described the tenant in order to be the foundation of an action against it." *Merrill* v. *Paige*, 229 Mass. 511.   *Stefani* v. *Freshman*, 232 Mass. 354.

The negligent maintenance over the public way of a sign that would collect snow and in thawing weather would permit water from this snow to escape upon the sidewalk and form an accumulation of ice, which would endanger the safety of travellers upon the way, is an actionable wrong. There was evidence that water was dropping from this sign at noon on the day of the accident, and about five hours before the plaintiff was injured.   The negligence of this defendant presented a question of fact which was properly submitted to the jury.   *Allen* v. *Salmansohn*, 254 Mass. 500. *Solomon* v. *Weissman*, 265 Mass. 423.   *Bullard* v. *Mattoon*, 297 Mass. 182.   *Crafts* v. *McCobb*, 303 Mass. 172.   *Harrison* v. *Poli-New England Theatres, Inc. ante*, 123.

We now consider the case against the owner.   The sign had been bought, set up and maintained by the tenant. The plaintiff alleged that her injuries were caused by the negligence of the owner, and the order that a verdict be entered for the owner must be presumed to have been made in view of the pleadings that were then before the court.   *R. J. Todd Co.* v. *Bradstreet Co.* 253 Mass. 138. *Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529.   The plaintiff was required to prove this material allegation.   The sign was designed to be used in conjunction with the store conducted by the tenant and for its benefit in connection with its business.   The occupant, and not the landlord, is ordinarily liable for injuries sustained by a pedestrian upon the highway that were caused by a defect in that portion of the premises included within the demise to the tenant, where the premises did not contain a nuisance at the time they were let or where the contemplated use by the tenant will not result in the creation of a nuisance.   *Clifford* v.

*Atlantic Cotton Mills,* 146 Mass. 47. *Szathmary* v. *Adams,* 166 Mass. 145. *Neas* v. *Lowell,* 193 Mass. 441. *Shepard* v. *Worcester County Institution for Savings, ante,* 220.

There is no evidence that the sign was in the control of the landlord. The A. W. Perry Realty Company was not shown to have made any repairs upon it or to have exercised any supervision over it. The fact that it was entirely, or almost entirely, located above the store premises is not enough to fasten liability upon this defendant. The building was a two-story structure with stores upon the street floor and offices upon the second floor. There is nothing in the record to indicate that the portion of the exterior wall to which the sign was attached was in the control of the owner rather than in that of the tenants upon the second floor. The terms of the letting to these tenants are not disclosed. Ordinarily, the control of such portion of this wall would be in the tenants of the second floor, who were occupying the premises adjacent to this wall, in the absence of any evidence to the contrary. *Pevey* v. *Skinner,* 116 Mass. 129. *Lowell* v. *Strahan,* 145 Mass. 1. *Whitehouse* v. *Aiken,* 190 Mass. 468. *Conahan* v. *Fisher,* 233 Mass. 234. *Levin* v. *Rose,* 302 Mass. 378. *Shepard* v. *Worcester County Institution for Savings, ante,* 220.

A landlord is not liable in tort for negligence for an injury due to the defective condition of his premises, if the plaintiff fails to show that the landlord had supervision and control over that portion of the premises where the defect was located. *Anderson* v. *Kopelman,* 279 Mass. 140. *Murphy* v. *Alpine Press Inc.* 291 Mass. 239. *Hannon* v. *Schwartz, ante,* 468.

The case is distinguishable from *Woodman* v. *Shepard,* 238 Mass. 196, where a ·portion of the sign was attached to a part of the premises that were under the immediate control of the landlord.

The plaintiff's exceptions in the case against Stone's Inc. are sustained and judgment is to be entered in accordance with the verdict returned by the jury; the plaintiff's exceptions in the case against A. W. Perry Realty Company are overruled.     *So ordered.*