ALBERT MASARJIAN ET AL. *v.* THE NEW HAVEN SAVINGS BANK

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued March 8—decided May 2, 1961

*Charles G. Albom,* for the appellants (plaintiffs).

*Frank E. Callahan,* with whom was *John P. Clark,* for the appellee (defendant).

BALDWIN, C. J.  The plaintiffs own a single-story brick building located on a lot on the south side of Fountain Street in New Haven.  The building was constructed to accommodate three separate stores designated as 36, 38 and 40 Fountain Street.  On July 9, 1954, the plaintiffs leased to the defendant the two most easterly stores, 36 and 38 Fountain Street, for five years, with the privilege of renewal for four successive five-year terms.  The defendant expended in excess of $90,000 in converting the two stores for use for banking purposes, as the lease allowed it to do.  The plaintiffs propose to add a second story to the building above the space oc-

cupied by the defendant. The defendant objects, claiming that the construction of such a second story would constitute a breach of its lease. The plaintiffs in this action seek a judgment declaring their right to build the second story and an injunction to restrain the defendant from interfering with its construction. The trial court concluded that the plaintiffs do not have the right to erect a second-story addition to the portion of the premises occupied by the defendant and rendered judgment accordingly. The plaintiffs have appealed.

The plaintiffs claim that the lease does not include the roof over the portion of the building occupied by the defendant and that they have the right to go upon the roof to build the addition. The demised premises are described as the two most easterly stores in the brick building, "which stores comprise all of said building except for the most westerly store therein which is now occupied by Albert Masarjian [the named plaintiff]." The lease authorized the defendant to make alterations, so long as the structural soundness of the building was not impaired, to construct new fronts, and to erect a one-story addition in the open area behind the brick building. It requires the plaintiffs to make all "exterior and structural repairs, including, expressly, repairs to the roof and exterior painting, and" all repairs to the parking space included in the demised premises. The lease also contains the following provision relating to the erection of advertising signs. "The Lessors agree not to erect or maintain, or to authorize or permit others than the Lessee to erect or maintain, except with the written consent of the Lessee, any sign upon the Leased Premises, including the addition [to be made by the lessee] . . . if any, or upon any roof area. The

Lessee shall have the right and privilege to erect and maintain such signs as it may desire to erect on the Leased Premises, including said addition, if any, and upon any roof area, subject, with respect to roof areas only and for a term of five years ending October 31, 1958, to the advertising rights, if any, of United Advertising Corporation under a certain written agreement dated October 12, 1953 between Albert Masarjian and said Corporation. The Lessors covenant and agree not to renew or extend said certain written agreement."

The principles involved in construing a lease are succinctly stated in *Ingalls* v. *Roger Smith Hotels Corporation,* 143 Conn. 1, 6, 118 A.2d 463. Briefly, they are that the intention of the parties, gathered from the language of the lease in the light of the circumstances surrounding the parties at its execution, controls, the language used must be given its ordinary meaning unless a technical or special meaning is clearly intended, and the lease must be construed as a whole so as to give effect to every provision, if that is reasonably possible.

The provision as to advertising signs should be construed in the light of the circumstances existing, and known to the parties, when the lease was made. *Bridge-Mile Shoe Corporation* v. *Liggett Drug Co.,* 142 Conn. 313, 319, 113 A.2d 863; *Pevey* v. *Skinner,* 116 Mass. 129, 131; 51 C.J.S. 1027. The effect of the provision was to make the use of the roof by the defendant for erecting advertising signs an appurtenance to the premises leased and to give the defendant sufficient control over the roof to prevent the plaintiffs from coming upon it to erect a second story and, by so doing, precluding the defendant from using the roof for the erection of advertising signs on the premises as they existed when the de-

fendant leased them. Cases concerning the grant of advertising rights generally are collected in 10 A.L.R. 1108 and 119 A.L.R. 1523. Cases concerning advertising signs on leased premises are collected in 22 A.L.R. 800 and 20 A.L.R.2d 940. The conclusion of the trial court that the plaintiffs do not have the right to erect a second-story addition to the portion of the building occupied by the defendant was correct.

There is no error.

In this opinion the other judges concurred.