PETER PICKNELLY *vs.* CHARLES M. HILL & another. November 9, 1961. Exceptions overruled. The motion of the defendants for a directed verdict was properly denied in this action for damage to the bus involved in *Scannell* v. *Hill,* decided herewith. See "brief statement of the grounds and reasons of the decision" in that case.

*Arthur D. Giustina,* for the defendants.
*John H. Madden, Jr.,* for the plaintiff.


WALTER R. POWERS *vs.* JOHN C. MacINNES, INC. November 13, 1961. Exceptions overruled. In this action of contract for breach of warranty, the only issue presented is the sufficiency of the evidence that the seller received the notice required by G. L. c. 106, § 38. The sale was made January 28, 1958, by the defendant John C. MacInnes, Inc., which in October, 1957, had succeeded to the business theretofore operated on the same premises by John C. MacInnes Company. The jury could find that the notice was addressed to John C. MacInnes Company; was received and signed for by an employee of the defendant who had been an employee of John C. MacInnes Company; and was thereafter read and immediately forwarded by an authorized employee of the defendant to the defendant's insurer. The misnomer does not make the notice ineffective. Enough appears to show that the notice was intended to be given to a particular business organization and was in fact received by it. See *Blanchard* v. *Stone's Inc.* 304 Mass. 634, 636–639. The return receipt identified by the employee who signed it was relevant to the question of notice, and was properly admitted. There was no error.

The case was submitted on briefs.
*Francis H. George,* for the defendant.
*John J. O'Connell,* for the plaintiff.