*Western District*

## PAULINE S. BOOKER

### v.

## ARCH REALTY CO. OF SPRINGFIELD, INC.
### and
## SAUL WILSON

Argued: 1971                     Decided: 1971

*Present:* Allen, (presiding) Sloan, Dudley, JJ.
Tried to *Garvey, J.* in the District Court of
Western Hampden, No. 71R269

**Dudley, J.** This is an action of tort in which
the plaintiff seeks to recover for personal in-
juries sustained by her when she fell on a
public sidewalk in front of premises owned by
the defendant Wilson, which premises stood on
the records at the Registry of Deeds in the
name of the defendant Arch Realty Co. of
Springfield, Inc. The fall was caused by an
unnatural accumulation of ice and snow.

The action was in two counts — Count 1 being against the corporate defendant and Count 2 being against the individual defendant.

The court found for the corporate defendant Arch Realty Co. but found against the individual defendant Wilson.

The plaintiff alleges in each count that due notice was sent to the defendants.

The defendants filed answers alleging, among other defenses not here material, that the accident occurred on a public way and the defendants' are not responsible and also a special answer denying that the defendants received proper notice under the General Laws of the Commonwealth of Massachusetts.

The defendant Wilson seasonably filed four requests for rulings set forth below:

1. Notice under G.L. Chapter 84, Sec. 21 which was addressed to "Arch Realty Co." c/o Saul Wilson, 31 Elm Street, Springfield, Mass. is not legal notice to Saul Wilson as an individual.

2. The legal title holder of the land in question, as to the plaintiff herein, was, because of the record of title in the Hampden County Registry of Deeds, Arch Realty Co. of Springfield.

3. If the defendants, or either of them, did not actively cause an artificial accumulation of snow and ice to exist on the

premises in question then the plaintiff cannot recover.

4. If the accumulation of snow or ice was caused by trespassers or other third parties without permission of either of the defendants, then the plaintiff cannot recover.

The court denied each of the requests as inapplicable to the facts found.

**There was evidence to show,** and the court found, that the plaintiff was injured as the result of a fall on a public sidewalk due to an unnatural accumulation thereon of ice and snow.

The court also found that the record title holder of the premises abutting the sidewalk, where the accident happened, was the corporate defendant but that the actual title holder was the individual defendant who was also treasurer of and chief stockholder in the defendant corporation and that he held an unrecorded deed, which he had executed and delivered in behalf of the corporation, to himself as individual owner, a considerable period prior to the happening of the accident.

A notice of the happening of the accident was sent by certified mail within the proper time, setting forth the time, place and cause of the accident and giving the name and address of the injured party, to Arch Realty Co. c/o Saul Wilson, 31 Elm Street, Springfield, Mass.

The court found that 31 Elm Street was a proper address for Arch Realty Co. of Springfield, Inc. and was also the office address of the individual defendant Wilson. The receipt for the notice was signed by him.

The court found that Wilson knew when he received the notice that he was the owner and in control of the property abutting the sidewalk where the accident happened and the court found and ruled that the notice given was timely and adequate "under G.L. Ch. 82."

Reference to G.L. Chapter 82 is harmless error as it is obvious from a study of the remainder of the report and the finding that it was intended to refer to G.L. Chapter 84, §21.

Wilson contends he is not legally bound by the notice and his requests #1 and #2 go toward that contention.

These requests were properly denied as inapplicable to the facts found.

G.L. c. 84, § 21 specifically provides that ". . . no such notice [of injury due in part to snow and ice] shall be invalid by reason of any inaccuracy or misstatement in respect to the owner's name if it appears that such error was made in good faith and did not prevent or unreasonably delay the owner from receiving actual notice of the injury and of the contention that it occurred from the defective condition of his premises or of a way adjoining the same."

The court states in its finding after quoting

the statute "I find that the notice complied with the statute."

In making this finding, the court found as a fact in effect, that the error in the name of the owner as set forth in the notice given, was made in good faith, and did not prevent or unreasonably delay the owner from receiving actual notice of the injury and of the contention that it occurred from the defective condition of his premises or of a way adjoining the same.

Good faith is a question of fact. *Fillebrown* v. *Hayward,* 190 Mass. 472. Findings of fact made by the trial judge will not be disturbed if they can be sustained on any reasonable view of the evidence or unless they are wrong as matter of law. *Earthrow* v. *Watertown Square Theatre, Inc.,* 309 Mass. 223, 224. *Martin* v. *Reis,* 344 Mass. 32, 35.

G.L. c. 84, § 20* provides in substance

---

*G.L. c. 84, § 20,

*Omissions in notice; notice of insufficiency.* A defendant shall not avail himself in defence of any omission to state in such notice the name or place of residence of the person injured, or the time, place or cause of the injury or damage, unless, within five days after receipt of a notice, given within the time required by law and by an authorized person referring to the injuries sustained and claiming damages therefor, the person receiving such notice, or some person in his behalf, notifies in writing the person injured, his executor or administrator, or the person giving or serving such notice in his behalf, that his notice is insufficient because it fails to state the name or place of residence of the person injured, or the time, place or cause of the injury or damage, as the case may be, and requests forthwith

that a defendant shall not avail himself of certain omissions in a notice unless a counter notice is given. See *Blanchard* v. *Stones, Inc.,* 304 Mass. 634, 638.

A notice need not give the name of the person who is charged with responsibility for the accident if enough appears from the notice to show that it was intended to be given to a particular person and that it was received by him. *Stefani* v. *Freshman,* 232 Mass. 354. *Haverty* v. *Ernst,* 232 Mass. 543. (Notice to beneficial owner who gave it to legal owner).

No counter notice was given in this case. See also *Hebb* v. *Gould,* 314 Mass. 10.

The name of a person is the usual but not exclusive means of establishing his identity. *O'Brien* v. *Election Commissioners,* 257 Mass. 332.

In this instant case the trial court found in effect that even the name of the owner of the abutting premises was inaccurately de-

---

a written notice in compliance with law; provided, that if the notice does not contain either the place of residence of the person injured or the place of residence or business address of the person giving or serving the notice on behalf of the person so injured, such notice of insufficiency shall not be required, and the defendant may avail himself in defence of any omission or defect in the notice. If the person authorized to give such notice, within five days after the receipt of such request, gives a written notice complying with the law as to the name and place of residence of the person injured, and the time, place and cause of the injury or damage, such notice shall have the effect of the original notice, and shall be considered a part thereof. As amended St. 1933, c. 114, §. 3; St. 1939, c. 147.

scribed in the notice given, the true and actual owner received timely and sufficient notice.

There was no error in the denial by the trial judge of the defendant's requests #1 and #2. The defendant's requests #3 and #4 go to the question of liability of a landowner for negligent acts of third persons.

There was evidence to show, and the trial court found, that the defendant Wilson for several years prior to the date of the accident was aware that the premises abutting the way where the accident happened, were being used illegally by others for parking of cars; that he was also aware, or should have been, that access to the lot was gained by some from Main Street by climbing the curb and crossing the sidewalk; that when snow was on the sidewalk the tires from these cars created ruts on the sidewalk and that the plaintiff was caused to slip and fall by one of the ruts that had become icy.

In substance, defendant's requests #3 and #4 ask for a ruling to the effect that if the dangerous condition of the walk was caused by persons who were not authorized by the defendant to be upon the defendant's premises or if the defendant did not actively cause the dangerous condition to exist, the defendant cannot be held responsible.

The request #3 and #4 do not accurately state the law.

By inference the trial court found the defen-

dant, Wilson, negligent in failing to eliminate a dangerous condition caused by the illegal use of his premises over a period of years of which the defendant knew or ought to have known.

Though it has been held that a defendant, being in control and possession of premises abutting a public way was under no obligation to remove any obstruction from the way which was placed there by a stranger and which was not caused to be on the way by any wrongful or negligent act of the abutter, and the same is true where the sidewalk has become unsafe for the use of pedestrians by the act of some third person who is neither the defendant's agent nor subject to his control while on the sidewalk.

Nevertheless it has also been held that an abutter in control and occupation of premises as between himself and the public must exercise reasonable care to maintain his premises in a proper and safe condition so as not to cause injury to the public travelling on the way and if he knows or ought to know that the use he is making or is permitting to be made of his premises is rendering the public way dangerous for those passing along the way, he may be found liable to a pedestrian who thereby sustains an injury. *Mays* v. *Gamarnick*, 326 Mass. 139, 141 and cases cited. See *Saldi* v. *Brighton Stock Yard*, 344 Mass. 89, 93 and

cases cited. See also Restatement of Law — Torts, §§ 318 and 364 and cases cited.

From the fact that the improper use of the defendant's premises was permitted by him to exist over a period of several years while he knew or ought to have known that such use rendered the way unsafe for public use it could fairly be found that the dangerous condition was the result of the usual and ordinary use of the premises and if the defendant failed to eliminate the dangerous condition caused by the improper use of his property, he could be held responsible. See *Nelson* v. *Economy Grocery Stores Corp.*, 305 Mass. 383, 387

Findings made by the trial judge must stand unless they are unwarranted by any reasonable view of the evidence together with all rational inferences that may be drawn therefrom. *Codman* v. *Beane,* 312 Mass. 570. *Kellogg* v. *Suher,* 329 Mass. 544, 546.

We find no error in the denial of defendant's requests #3 and #4 in view of the facts found by the trial court.

No prejudicial error being found in the denial by the trial judge of the requests for rulings submitted by the defendant, *the report is dismissed.*

Judge Sloan dissents, without opinion.