## ANSEL GOLDSTEIN *vs.* LOUIS D. ZIMAN.

Suffolk.   March 10, 1927. — May 19, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Broker*, Commission.   *Contract*, Performance and breach.   *Practice, Civil*, Premature action.

An action, by a real estate broker for a commission for procuring for the defendant a purchaser of certain real estate and a lodging house business, is brought prematurely if the evidence shows that, although before the date of the writ a customer procured by the plaintiff had agreed with the defendant on terms and the customer had made a deposit with the defendant, the customer was not ready to sign an agreement then or until a date five days after the date of the writ "because there was difficulty in making arrangements about the first mortgage on the property"; the customer and the defendant had not intended to become bound at the time of the making of the deposit.

CONTRACT by a real estate broker for a commission of three per cent for procuring for the defendant on April 15, 1924, a purchaser for $42,800 of certain land, a building thereon, and a lodging house business conducted thereon. Writ dated April 18, 1924.

In the Superior Court, the action was tried before *Cox*, J. Material evidence is stated in the opinion.   The judge denied a motion by the defendant that a verdict be ordered in his favor.   The jury found for the plaintiff in the sum of $875.18. The defendant alleged exceptions.

*S. Cohen*, for the defendant.

*W. M. Olin*, for the plaintiff.

PIERCE, J.   This is an action of contract to recover a broker's commission for procuring, for the defendant, a purchaser for a certain parcel of land, with the buildings thereon, and a lodging house business located and conducted at 37 Bowdoin Street, Boston, Massachusetts.   The writ is dated April 18, 1924.   The answer is a general denial and payment.   At the close of all the evidence the defendant presented a motion for a directed verdict in his favor.   The motion was denied and the defendant duly excepted.   The

case was submitted to the jury, who returned a verdict for the plaintiff.   On the exception saved and presented to this court, the defendant contends that the action was prematurely brought, and that the plaintiff has not fulfilled the conditions which were precedent to any right to have compensation from him.

The terms upon which the plaintiff was authorized to procure a customer are not clearly stated but, in substance, may be said to be as follows: The plaintiff, a real estate broker, in 1922 met the defendant at 37 Bowdoin Street, Boston, had a talk with him "and obtained from him the particulars relative to the property in question, including the lodging house business."   In October, 1923, the plaintiff had a telephone conversation with the defendant, during which "he told the defendant that he had a customer by the name of Sherman for his property, and asked for particulars again."   The plaintiff testified in substance that the defendant replied "he didn't decide to sell the property then, but that the plaintiff should call him up three days later and then he would let him know"; that he called him up three days later and the defendant gave him the particulars, which were, that he wanted $37,000 for the property, it brought in $307 per month, a man held a lease for ten years, inside was a lodging house, there was a first mortgage of $15,000 and the defendant wanted $7,000 to be paid in cash; that the plaintiff spoke about the commission and the defendant said he was going to pay the regular commission; that the plaintiff said "a business house [commission] is 5%" and the defendant replied, "All right, go and talk with him."

The evidence warranted a finding that the defendant, in consequence of the action of the plaintiff, met the customer, Sherman, by appointment in January, 1924, at a hotel in Bowdoin Street; that they met for the purpose of talking about the property of the defendant at 37 Bowdoin Street; that in March, 1924, the defendant and Sherman agreed on terms and Sherman paid the defendant $1,000 as a deposit but was not ready to sign an agreement then or until April 23, 1924, "because there was difficulty in making arrangements about the first mortgage on the property."   It is admitted

that Sherman, after April 23, 1924, did purchase the property at 37 Bowdoin Street at a price which was less than $37,000, and that $7,000 was not paid in cash and the balance on mortgage. It is plain the plaintiff did not produce a customer who was ready, willing and able to take the property on the terms the defendant gave to the plaintiff in the "particulars," and obvious that the defendant was entitled to a directed verdict if the right of the plaintiff rested upon the fact that he had produced such a customer. *Cadigan* v. *Crabtree*, 179 Mass. 474. The plaintiff, however, makes no claim to an earned commission based on an agreement to pay him a commission should he get a purchaser ready, willing and able to pay a stated price, but upon an alleged agreement to pay an agreed commission should he get a purchaser for the property of the defendant at a price to be agreed upon as between the defendant and Sherman.

The narrow question is, Did the plaintiff produce a purchaser before the date of his writ, April 18, 1924? The answer is found in the further question, Did the purchaser, Sherman, and the defendant intend to become bound to each other when they agreed upon the terms of sale and Sherman paid the $1,000 deposit in March? We think the defendant and Sherman did not intend to become bound to each other until the action of the bank in relation to the first mortgage was determined, and until their agreement was put in permanent, written form. *Lyman* v. *Robinson*, 14 Allen, 242, 254. *Sibley* v. *Felton*, 156 Mass. 273, 277. This formal agreement had not been executed when the writ was brought. It follows that the action was premature and that judgment on that ground must be entered for the defendant.

*So ordered.*