ANTHONY IVAS *vs.* GERTRUDE E. GALLIGAN.

Suffolk. April 3, 15, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Broker*, Commission.

At the trial of an action by a real estate broker for a commission alleged to be due to the plaintiff for procuring a sale of real estate of the defendant, there was evidence that the plaintiff approached the defendant and informed him that he had a customer who wanted to purchase the property; that afterwards there were conferences between such prospective purchaser and his counsel and the defendant and his counsel, and terms were discussed; that the plaintiff and an associate signed the following instrument, prepared by the defendant's counsel: "In the matter of sale and conveyance of real estate . . . [in question] . . . , it is agreed that no commission shall be charged, claimed or collected, unless and until deed shall be actually delivered to and accepted by . . . [a 'straw' who was acting for the purchaser] . . . or his nominee. In the event of such delivery and acceptance of deed the sum of eleven hundred dollars shall be paid to . . . [the plaintiff] . . . as full compensation for all services relating to such

sale and conveyance"; that the defendant and the prospective purchaser did not fully agree with respect to a provision, insisted upon by the defendant, as to providing premises to be occupied by a corporation, in which the defendant was interested and which was a lessee of a part of a building on the premises, during a period when the building was being torn down by the purchaser and a new one erected; and that no sale was made. There was no evidence of fraud on the part of the defendant. A motion that a verdict be ordered for the defendant was denied, and there was a verdict for the plaintiff. *Held*, that

(1) In the circumstances it could not properly be found that the plaintiff had procured a customer ready, willing and able to purchase the property on the defendant's terms;

(2) The agreement above quoted was binding on the plaintiff; and, no deed having been delivered to or accepted by the prospective purchaser, the plaintiff was not entitled to a commission.

(3) Judgment was ordered for the defendant.

CONTRACT by a real estate broker for a commission. Writ dated January 18, 1928.

In the Superior Court, the action was tried before *Quinn*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in her favor. There was a verdict for the plaintiff in the sum of $1,232. The defendant alleged exceptions, which, after the death of *Quinn*, J., were allowed by *D. T. O'Connell*, J.

*J. J. Mansfield*, (*J. F. Creed* with him,) for the defendant.
*S. L. Solomont*, for the plaintiff.

CROSBY, J. This is an action to recover a broker's commission alleged to be due for procuring a customer for the sale of certain real estate owned by the defendant. A building on the land consisted of three stores on the street floor and six tenements above. One of these stores was occupied by J. W. Sullivan Company, a corporation controlled by the defendant and engaged in the shoe business. The plaintiff approached the defendant and informed her that he had a customer who wanted to purchase the property. The rights of the parties depend wholly upon two conferences between them held on March 3, 1926 — the first at the plaintiff's office, the second at the office of the defendant's attorney — which related to the sale of the property by the defendant and its purchase by one Covich. They are recited at length in the bill of exceptions.

There was evidence that the defendant offered to sell and that Covich offered to purchase the property for $40,000, payable $1,000 in cash, $24,000 when a deed was delivered, and the balance by the assumption of a $15,000 mortgage on the property. The defendant expressed her willingness to accept this offer provided that, upon terms satisfactory to her, the J. W. Sullivan Company would be given a lease of the store which it then occupied. After considerable discussion in which an attorney representing Covich stated that the building was to be torn down and a new block of stores was to be built on the site, it was agreed that the corporation should be given a lease in the new building; that when Covich desired to build, the corporation should vacate on thirty days' notice; that when the new block was completed, the corporation should move into a store in the same location as in the present building; and that Covich should move the stock of the tenant back and forth free of charge. On March 1, 1926, a few days before the interviews with the plaintiff, the defendant had executed and delivered a written lease of the store to J. W. Sullivan Company.

It is the contention of the plaintiff that an agreement was reached with the defendant respecting the provisions of the lease of the store in the present building, and in the building to be erected by the prospective purchaser, and that all terms and conditions of the sale were agreed upon by the parties. It is the contention of the defendant that in several respects the terms of sale imposed by her were not agreed to by the prospective purchaser.

Before any mutual agreement for the sale of the property had taken place, the parties, and others present at the first interview, on the same day went to the office of the defendant's attorney and had a further conversation concerning the terms of sale. A draft of a contract in incompleted form between the parties was produced and examined by the defendant's counsel who stated that it did not cover the lease of the shoe store, that he wanted everything definitely included, and that a new contract should be drawn. He then dictated one, which defined the terms

of the lease to be given of the shoe store, as the defendant desired to retain the shoe business on the premises in the present location.  The counsel for the prospective purchaser stated that the lease and the contract should be by separate instruments.  At that time counsel for the prospective pur-- chaser made a memorandum of the terms of the contract and lease as dictated by the defendant's counsel, and the latter told counsel for the prospective purchaser to prepare a contract and bring it in the next morning and it would be signed.  The plaintiff testified that the defendant and her counsel stated that they would pay a commission when the papers were passed.

It was understood that the title was to be taken in the name of one Kelly, a straw man who represented Covich. Before the parties left the office of the defendant's counsel, Covich's check for $1,000 was handed to the defendant's counsel, who gave it to the defendant, and it was left on the desk.  At that meeting the following instrument was type- written by the defendant's counsel and signed by the plain- tiff and one Reynolds who was in the plaintiff's employ: "Boston, March,   1926  In the matter of sale and con- veyance of real estate 345–355 West Broadway and 3–4 Church Avenue, South Boston, it is agreed that no com- mission shall be charged, claimed or collected, unless and until deed shall be actually delivered to and accepted by Michael F. Kelly, or his nominee.  In the event of such de- livery and acceptance of deed the sum of eleven hundred dollars shall be paid to Anthony Ivas as full compensation for all services relating to such sale and conveyance."

Covich's counsel on the following day submitted to the defendant's counsel a contract which the plaintiff contends contains the terms of sale as previously agreed upon by the parties.  About a week later the defendant returned the contract to Covich's counsel, together with the $1,000 check, and a letter in which she stated that she had decided not to sell the property to Covich.  It is the contention of the defendant that the contract submitted to her is not in accordance with the terms of sale as previously, orally, agreed upon but is at variance therewith in many particulars.

Counsel for the plaintiff in oral argument and in his brief has referred to certain portions of the plaintiff's testimony as tending to show that there was a completed agreement for the purchase and sale of the property; but a careful examination of the entire testimony makes it plain that the defendant did not agree to pay a commission unless there was an actual sale. Apart from other terms of the lease which it was orally agreed by the parties should be included in the agreement, there was a provision that, while the old building was being torn down and the new one made ready for occupancy of the J. W. Sullivan Company, the plaintiff promised to obtain temporarily for the company a store nearby; and Covich agreed that he "would have his men move her in there free of charge and move her back in the new store free of charge and put the shelving up and everything . . ." The agreement submitted by counsel for Covich to the defendant's counsel does not contain the above provision either in form or in substance. That provision was one which the defendant had a right to insist upon being made a part of the agreement for sale, otherwise the company in which she was the principal owner might be required to suspend its business until such time as a store in the new building was ready for occupancy. In these circumstances it could not properly be found that the plaintiff had procured a customer ready, willing and able to purchase the property on the defendant's terms. *Woods* v. *Matthews,* 224 Mass. 577. *Bruce* v. *Meserve,* 228 Mass. 463. *Doten* v. *Chase,* 237 Mass. 218.

It cannot be said, as the plaintiff argues, that the execution of the written agreement was intended by the parties only as a convenient memorial or record of a contract which they had previously consummated. In the absence of fraud, of which there is no evidence, the defendant could refuse to sell the property to Covich unless a deed was executed and delivered to him. *Fitzpatrick* v. *Gilson,* 176 Mass. 477, 479. *Woods* v. *Matthews, supra. Doten* v. *Chase, supra. Elliott* v. *Kazajian,* 255 Mass. 459. *Goldstein* v. *Ziman,* 259 Mass. 430. *Flax* v. *Sovrensky,* 262 Mass. 60. *Goldman* v. *Goodman,* 265 Mass. 347. Upon

the entire evidence it is apparent that the defendant's agree-
ment to sell was only upon the understanding that the terms
of sale should be embodied in a written instrument. Besides,
in the written instrument signed by the plaintiff and above
referred to, he expressly agreed that no commission would
be charged unless and until a deed was actually delivered and
accepted by the prospective purchaser or his nominee.
This agreement is binding upon the plaintiff. There is no
evidence to show that it was ever waived by the defendant.
It follows that as no deed was ever executed or delivered the
plaintiff cannot recover.

*Exceptions sustained.*
*Judgment for the defendant.*