LUKE J. MADDEN *vs.* HURLEY–DRISCOLL BUILDING Co.

Suffolk. April 8, 1931. — June 25, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Broker,* Commission. *Contract,* Performance and breach. *Practice, Civil,* Premature action.

At the trial of an action by a real estate broker for a commission for being the efficient cause of a sale of property of the defendant, a verdict for the defendant properly was ordered on the ground that the action was brought prematurely, where it appeared that an agreement for sale between the defendant and the alleged customer procured by the plaintiff did not become binding until sometime in October or November and that the deed was not given until January, whereas the writ bore date of the previous September 25 and service was made on September 27.

CONTRACT. Writ dated September 25, 1929.

In the Superior Court, the action was tried before *Beaudreau,* J., who, after a verdict for the plaintiff in the sum of $592 had been recorded with leave reserved under G. L. c. 231, § 120, ordered a verdict entered for the defendant. The plaintiff alleged an exception.

*W. A. Murray,* for the plaintiff.

*H. R. Donaghue,* for the defendant.

WAIT, J. This case is before us upon exception claimed by the plaintiff to an order directing entry of verdict for the defendant made under leave reserved pursuant to G. L. c. 231, § 120, after a verdict for the plaintiff. It must be decided upon a narrow ground which does not go to the merits.

The defendant contends, rightly, that the action was brought prematurely. The writ bore date September 25, 1929. Service was made on September 27. The writ was entered on November 4, 1929; and, on that day, the plaintiff filed his declaration alleging that the defendant owed him a broker's commission as the efficient cause of a sale of real estate. Uncontradicted evidence showed that the

agreement for sale to the alleged customer of the plaintiff did not become binding until sometime in October or November of 1929, and that the deed did not pass until January 13, 1930. The case is controlled by the recent decision in *Goldstein* v. *Ziman,* 259 Mass. 430, which held that, as a broker's commission for being the efficient cause of a sale is not due until the conveyance or a binding agreement of purchase and sale has been made, an action instituted before that time is premature.

We need not consider whether there was sufficient evidence to take the case to a jury upon the merits.

*Exceptions overruled.*