SYLVIA LANDES, Petitioner, *v.* PHILIP LANDES, Respondent.

Domestic Relations Court of the City of New York, Family Court, Bronx County, February 25, 1955.

*Peter Campbell Brown, Corporation Counsel* (*Janet H. Lewin* of counsel), for petitioner.

*Philip A. Levey* and *Norman Goodman* for respondent.

LORENCE, J. The first trial of this proceeding brought by petitioner against respondent, for the support of their child living with the petitioner in California under the Uniform Support of Dependents Law (L. 1949, ch. 807, as amd.), resulted in a reversal by the Appellate Division of the Supreme Court,

First Department (283 App. Div. 770) under the title of *Anonymous* v. *Anonymous*. The reversal came about as a result of deficiencies in the record of the trial and the proceeding was remitted to this court for retrial.

This proceeding originated in the Superior Court of the State of California in and for the County of Los Angeles by the filing of a petition there on March 26, 1952, under the " Uniform Reciprocal Enforcement of Support Act " being title 10 comprising sections 1650 to 1690, inclusive, to part 3 of the Code of Civil Procedure.

As a result of proceedings duly had in accordance with our statute, the respondent filed an amended answer denying material allegations of the petition and setting up certain affirmative defenses.

The third affirmative defense relating to the constitutionality of the law is set forth in full as follows:

" As and for a Third Separate and
Distinct Affirmative Defense

" Seventh: That the U. S. D. L. is in conflict with the constitutions of the United States of America and the State of New York, on the following grounds:

" 1. The U. S. D. L. is a compact between states without the consent of Congress.

" 2. The State of New York is enforcing the criminal laws of another state, without any provisions for rendering or extradition.

" 3. This Court, a state and local forum, is exercising jurisdiction in a controversy between citizens of different states, whereas such jurisdiction is expressly reserved to the Federal courts at the instance of either party.

" 4. The U. S. D. L. operates as a denial of due process of law.

" 5. The U. S. D. L. operates as an abridgement of the equal protection of the laws.

" 6. The U. S. D. L. operates as an abridgement of the privileges and immunities of the citizens of the United States.

" 7. The Constitution of the State of New York limits the jurisdiction of this Court to those cases in which the Respondent has been guilty of abandonment, and/or neglect.

" 8. The U. S. D. L. is in effect a quasi-criminal statute, which fails to afford the Respondent the benefits and advantages of those legal safeguards usually afforded to criminal defendants, as provided in the Constitutions of the United States and the **State of New York.**

" 9. The U. S. D. L. is otherwise in conflict with the Constitutions of the United States and the State of New York."

Interrogatories were submitted, answered and read into evidence and the trial was finally thereafter concluded.

It is well to note at the outset that the petitioner seeks support for the child of these parties only. On July 29, 1953, this petitioner obtained a divorce in California against this respondent on constructive service. Had she sought support for herself, she would be precluded by lack of subject matter jurisdiction. (N. Y. City Dom. Rel. Ct. Act, § 137, subd. 1.) She would further be estopped under the doctrine of *Krause* v. *Krause* (282 N. Y. 355). Also, see, to the same effect *Ross* v. *Ross* (206 Misc. 1073), which involved a California divorce and a respondent residing in New York State.

The New York and California statutes provide a civil proceeding for support of children whenever the person chargeable with support is beyond the residential jurisdiction of the court where the dependent resides. (See " *Bellanca* " v. " *Belanca* ", 199 Misc. 698.) The intent and purpose of the New York statute is ably set forth in a decision by my former learned associate Mr. Justice SICHER in " *Vincenza* " v. " *Vincenza* " (197 Misc. 1027). An examination of both the New York and California statutes leads me to the conclusion that in my opinion they are substantially similar. They have an identity of underlying purpose and sufficient similarity to permit reciprocity between States.

As to the constitutional questions raised by the respondent, this court finds the New York statute constitutional. The same or similar statutes have been declared constitutional in other States as follows: 1. Ohio Supreme Court, *Pennsylvania ex rel. Dept. of Public Assistance* v. *Mong* (160 Ohio State 455); 2. Supreme Court of North Carolina, *Mahan* v. *Reed* (240 N. C. 641); 3. Court of Appeals of Kentucky, *Duncan* v. *Smith* (262 S. W. 2d 373 [Ky.]); 4. Court of Appeals of Maryland, *Commonwealth of Penn.* v. *Warren* (204 Md. 467); 5. Supreme Court of Louisiana, *Freeman* v. *Freeman* (76 So. 2d 414 [La.]); 6. District Court of Appeals of the State of California, *Smith* v. *Smith* (270 P. 2d 613 [Cal.]).

No purpose will be served to repeat the reasoning set forth in these decisions. Suffice it to say they are a sufficient legal answer to all the constitutional objections raised by respondent.

I find and decide that this respondent is liable for the support of his child now ten and one-half years of age, residing with her mother in California. The petitioner has established by a pre-

ponderance of credible evidence that the needs of the child are at least $20 weekly for her maintenance and support. The respondent is of sufficient financial ability to meet such payment of $20 weekly. He has an annual salary of $6,340 gross, plus assets of about $10,000. He has no other dependents.

The respondent is hereby ordered to pay into this court the sum of $20 weekly retroactive to December 23, 1954. Pending further order of this court, the support bureau is directed to withhold payments to petitioner. The payments made by this respondent will be held in the support bureau, pending the disposition of an appeal by the respondent, providing such appeal is prosecuted diligently. This court may order payments to be made to petitioner at any time in its discretion, if respondent fails to make payment promptly or fails to proceed with his appeal on the merits with due diligence.

This decision constitutes the order of the court. The clerk is directed to send copies thereof to petitioner and the clerk of the court in petitioning State, also to respondent and his counsel.