*Northern District*

No. 5017

**BEATRICE S. BUCKNELL, Petitioner**

v.

**EDGAR L. ANDREASON, Respondent**

(January 23, 1957)

*Eno, J.* This is a voluntary report by a District Court Judge under G. L. (Ter. Ed.) c. 231, §108, of a petition brought in the State of Florida by a divorced wife against her former husband under the Uniform Reciprocal Enforcement of Support Act, (G. L. c. 273A), for the support of their minor children.

The report shows that they were married at Lynn, in this Commonwealth, in 1948, and lived here together, their last residence being in Somerville. Two children were born of this marriage who are now six and four years of age respectively.

On or about June 3, 1954, the petitioner left her husband and went to live in said Lynn, and about two weeks later went to Florida, taking her two children with her, without the consent of the res-

pondent. She instituted divorce proceedings against him in the State of Florida in October of 1954, for cruel and abusive treatment. No personal service was made on the respondent and a divorce was granted to the petitioner, without the respondent consenting or submitting to the jurisdiction of the Florida Court. No order for alimony or support of said children was made in these divorce proceedings.

The petitioner later married one Paul Bucknell in Florida. The respondent's present earnings are $65.00 per week, and his expenses are about $45.00 per week; his two children are his only dependents, and the judge found that he could pay $60.00 per month towards their support "if he is legally liable therefor."

The first contention of the respondent in this matter is:

"1.   If these proceedings are for the purpose of determining the amount of support ordered by a Florida Court:

A.   The Florida Court had no jurisdiction to make a finding of non-support against a non-resident defendant over whom it had no jurisdiction and for an alleged failure to support which occurred outside of the State of Florida.

B.   The Florida proceedings were a denial of due process of law since the Respondent was never given an opportunity to be heard on the question of failure to support."

The act under which this petition was brought is known as the "Uniform Reciprocal Enforcement of Support Act" and was first adopted in this Commonwealth by St. 1951 c. 657 as G. L. c. 273A. At first jurisdiction was conferred exclusively in the Probate Courts, but that was transferred to the various District Courts by St. 1954, c. 556.

The "duty of support" as defined by that Act is "any duty of support imposed by law, or by any

Court order, decree or judgment, whether interlocutory or final, whether incident to a proceeding for divorce, legal separation, separate support or otherwise," G. L. c. 273A, §1, and "Duties of support enforceable under this chapter are those imposed under the laws of any state in which the alleged obligor (in this case the respondent) was present during the period for which support is sought or in which the obligee (in this case the children) was present when the failure to support commenced." G. L. c. 273A, §4.

All of the forty-eight states, including Florida, have now adopted the Uniform Reciprocal Enforcement Act substantially, or with minor changes, like our own.

The purpose of the proceedings is not to punish the defendant for his failure to support his dependents but to secure such allowance for their support as is reasonable having in view his ability to pay as evidenced by his property, his income, and his earning capacity. Nothing in this case involves the right of custody of minor children. The only thing that is to be determined here is the well recognized law of this State that a father is liable for the support of his minor children. See authorities collected in *Davenport v. Davenport*, 178 Tenn. 517.

Such a law was declared constitutional in Kentucky, *Duncan v. Smith*, 262 SW 2d, 373, (Ky. 1953); and in Pennsylvania the respondent was not entitled to confront witnesses against him since the proceeding was essentially a civil proceeding. *C. v. Shaffer*, 175 Pa. Super. 100.

The contentions that such a procedure denies due process of law was considered in several cases, and in all instances the reciprocal support laws were upheld. *Smith v. Smith*, 125 Cal. App. 2d 154; *Landes v. Landes*, 207 Misc. 460, 138 NYS 2d 442; *Standish v. Standish* (Ill.) Cook County Court, No. 138968, Nov. 1952; *Sinclair v. Sinclair*, 196 Tenn. 538.

In the latter case, the Tennessee Supreme Court declared, "that due process is preserved and that the defendant in Tennessee had his day in Court and the judgment only was rendered against him after he had his opportunity to offer proof . . . It thus appears to us that there is nothing illegal or objectionable to this action. The fact is it appears to be a simplified and fair and convenient way to cause those who are obligated to support their minor children to do so without having to be extradited to another state."

The Florida Court, in the case at bar, has made no order for support. This order comes from the District Court in Massachusetts in whose jurisdiction the respondent obligor resides. He appeared in the District Court which had competent jurisdiction, and he was given a full opportunity to be heard on the question of failure to support his children.

The second contention of the respondent is:
"If these proceedings are to determine the question of failure of support, then the Respondent must be given an opportunity to examine the Petitioner by deposition or otherwise."

There is nothing in the Act which bars this. There is nothing in the report, however, to indicate that the respondent made such a request. As a matter of fact, he was permitted to testify to all the facts and these are reported by the trial judge. We doubt that a deposition would alter them in any material degree.

The respondent rightly contends in his brief that these reciprocal support acts are primarily for the purpose of compelling an absconding husband or father to support his abandoned wife or children. He further contends that the Act should not be used for the support of minor children taken from him without his consent by an absconding wife to another state.

This latter contention has merit and it is therefore

necessary to consider just what his responsibility is in such a case.

By G. L. (Ter. Ed.) c. 273, s. 1, "any . . . father who unreasonably neglects or refuses to provide for the support and maintenance . . . of his minor child . . . shall be punished by a fine of not more than two hundred dollars or by imprisonment for not more than one year, or both."

And by §8 of the same chapter, "it shall not of itself be a defence that the defendant has ceased to have custody or the right to custody of such child on his own acquiescence or by judicial action." This legal duty to support "shall continue notwithstanding the absence of a Court decree ordering . . . (him) . . . to pay for the support of said child and notwithstanding any Court decree granting custody of such child to another."

The only restriction is when a Court has granted custody of the child to another and ordered the father to pay a certain sum for his support, he "shall not be obligated in excess of that amount." St. 1953, c. 505.

Under that chapter a husband could be held liable for the support of his minor children even though the wife has left him and has taken their minor children with her into another community in the Commonwealth. This is done every day in the Criminal sessions of our several District Courts.

In *C. v. Acker*, 197 Mass. 91, the court held that a father can be convicted for non-support although the child never has been in this Commonwealth, and said "The offender is here, within our jurisdiction. While residing here he ought to make provision for the support of his wife and minor children, whether they are here or elsewhere. If he fails to do this, his neglect of duty occurs here, without reference to a place where the proper performance of his duty would confer benefits." See also *C. v. Dornes*, 239 Mass. 44 ALR 2d 889.

The father has the primary duty to support, maintain, and educate the minor children of the marriage. While this is not a criminal prosecution we are of the opinion that G. L. 273, §1, imposes a duty on a father to support his minor children, no matter where they may have been taken by the mother. It is unfortunate that such a situation exists, but as was said in *Maschauer v. Downs*, 289 Fed. 540; 320 ALR 1461, "it would be a harsh rule to impute to such children the wrongful conduct of the mother."

The defendant is ordered to pay the sum of $60.00 per month for the support of his two minor children, said payments to be made through the Probation Officer of the Fourth District Court of Eastern Middlesex, and continue each and every month thereafter until modified by the Court.

Henry M. Leen, for the Respondent.