*Northern District*
A.D. No. 5896
**ANN PARSONS**
v.
**EMERY G. PARSONS**
Filed September 3, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Glazer, J.* in the First District Court of Eastern Middlesex (Malden). No. 2218 of 1963.

*Eno, J.* This is a petition initiated in the State of Florida under the Uniform Reciprocal Support Act, G. L. c. 273A, by a wife, residing in that State, against the husband,

residing in Massachusetts, for the support of their minor son, also in Florida.

*There was evidence* from the respondent that in 1962 he left Everett, where they were living, for two weeks service in the Reserves. Upon his return he found that the petitioner had left their home and had gone to live with her mother in Malden, taking their infant son with her. She had withdrawn all of $400. from their joint account in a bank. He went to Malden to see her and asked her to return. She told him she wanted to take a trip to Florida to think things over. He kept his apartment in Everett until April 1, 1962. The petitioner left for Florida with the child and returned to her mother's home in Malden around the middle of October. He saw her once there, and afterwards he could talk to the wife's mother but could not see his wife. He left $10.00 weekly with wife's mother for the support of his child. On *October 25,* 1962, he filed a petition in the Probate Court of Middlesex County for separate support and custody of his minor child and an ex-parte order prohibiting the wife from imposing any restraint upon his liberty and enjoining and restraining her from removing the child from this Commonwealth.

The petitioner returned to Florida and while the present reciprocal petition for support was pending, the respondent obtained the custody of said child from said Probate Court.

At the hearing of this petition on *July* 3,

1963, the District Court instructed the probation officer to write to the State Attorney in Tampa, Florida, concerning the case, and continued the case to *September 25, 1963.*

At the hearing on *July 3,* 1963, the respondent filed a motion to dismiss because he had custody of the child by order of the Probate Court.

He also filed requests for rulings, most of which were for rulings of facts. The court allowed requests numbered 1 and 2 to the effect that he had not deserted or abandoned his child or that he had migrated from the initiating state nor from any other state. The court denied the seven other requests and also denied the motion to dismiss.

Hearing of the petition was resumed on *September 23,* 1963, at which time a transcript of the testimony of the wife taken in Florida was introduced and again the respondent filed requests for rulings on said transcript.

At the final hearing held on *November 5,* 1963, the court ruled on all the requests and motions of the respondent and made an order of $10.00 weekly.

The report states that it contains all the evidence material to the questions reported.

The respondent claims to be aggrieved by the court's refusal "to allow (a) the Motion to Dismiss as filed at hearing on July 3, 1963 (b) Requests for Rulings numbered 3, 4, 5, 6, 7, 8, and 9 as filed at the hearing on July 3, 1963 (c) Objection and Motion to Strike

Out Transcript as filed on September 25, 1963, and (d) Requests for Rulings numbered 1, 2, 3, 5, 6, 7, and 8 upon Petitioner's Transcript of Testimony as filed on September 25, 1963."

■ This report should have been dismissed, rather than allowed, by the trial judge because of non-compliance with Rule 31 of the Rules of District Courts, as amended, as to the size of the paper on which the report is typewritten—see *Gallagher v. Atkins,* 305 Mass. 261, 262; *Murray v. Edes Manufacturing Co.,* 305 Mass. 311, 312; *Wind Innersole & Counter Co. v. Geilich,* 317 Mass. 327, 328-330.

■ The report however, is to be dismissed on other grounds. According to the docket entries the final hearing of this petition was held on *June* 10, 1963, when the trial judge denied respondent's motions and requests for rulings, and made an order of $10.00 per week. Yet, according to the same docket entries, the respondent requested a report only on November 8, 1863. This was long after the expiration of the time for filing it, and therefore, did not comply with Rule 28 of District Courts.

The only matter which seems to have been considered by the trial judge on November 5, 1963, according to the report was a letter from the State's Attorney which the judge struck out on respondent's motion.

The respondent claims it does not appear that the child was a resident of Florida, yet

in the very first paragraph of the petition it is stated that both the wife and child "now reside" in that state.

As to the subsequent affidavit of the wife which the trial judge refused to strike out, it does not appear that respondent objected to its admission, or that he claimed a report on its allowance.

It is true that it would have been more proper to ask for a deposition of the wife, when the respondent could have submitted questions in cross examination. However, we think its admission was immaterial as it did not affect the principal question involved in this case which is: "is a husband responsible for the support of his child under the circumstances herein reported?"

G. L. (Ter. Ed.) c. 273, §8, as amended by St. 1953, c. 505, provides that:

> "The legal duty of the parent or parents to support a minor child shall continue . . . . . notwithstanding any court decree granting custody of said child to another."

*Keene v. Troth,* 335 Mass. 591, 595.

In a case involving very much the same facts as in the case at bar, heard in this Appellate Division, (*Bucknell v. Andreason,* 13 Mass. App. Dec. 24,) we held that:

> "The father has the primary duty to support, maintain, and educate the minor children of the marriage. While this is not a criminal prosecution we are of the opinion that G. L. c. 273, §1, imposes a duty on a father to support his minor children, no matter where they may have been taken by

the mother. It is unfortunate that such a situation exists, but as was said in *Maschauer v. Downs*, 289 Fed. 540; 320 ALR 1461, 'it would be a harsh rule to impute to such children the wrongful conduct of the mother.'"

We find no reversible error in this case and the report is to be dismissed.

Francis C. Reynolds, of Everett, for the Petitioner.
Vincent E. Pichulo, of Boston, for the Respondent.

## *Western District*