*Southern District*
No. 33678.

**LAWRENCE J. DELANEY**

v.

**EDWARD G. LALLI and
FRANCIS A. MASTROIANI**

Argued: Nov. 29, 1967   Decided: Feb. 26, 1968

*Present:* Nash, C. J., Cox, Murphy, J. J.

Case tried to *Welsh, J.* in the District Court of Brockton, No. 33678

*(This opinion has been abridged)*

*Murphy, J.* This is an action of contract to recover for professional services rendered by the plaintiff for the defendant as shown in count I and count II of his amended declaration and in *quantum meruit* for certain professional veterinary services allegedly performed for the benefit of the defendants. The answer is a general denial; an allegation of payment; an allegation of breach of the alleged contract on the part of the plaintiff and plea of illegality as contained in the amended answer filed by the defendant and allowed by the court.

The court found for the plaintiff in the sum of $300.

We call attention to Rule 31 of the District Court Rules of 1965 which sets forth, "The

draft report and all papers intended for use before the appellate division shall, unless the appellate division shall otherwise order, be printed or typewritten upon opaque paper having a dull surface. The typewriting or printing including all quotations shall be double-spaced and only on one side of each page shall be written upon. The paper shall be 8½ inches in width and 11 inches in height.''

The rule has been ignored in this case, and it has been held that failure to comply with it is sufficient reason for the judge to dismiss the report. *Parsons* v. *Parsons,* 29 Mass. App. Dec. 155.

Since the judge did not act under it, we proceed to discuss the merits of the case rather than to dismiss the report on that ground alone.

The defendant filed ten requests for rulings based principally on the ground that the plaintiff could not recover because his services involved the practice of veterinary medicine for which he was not licensed. The court denied all the requests mostly because they were not in accordance with the facts found; were immaterial because of the facts found, or were irrelevant.

The judge warrantably made the following findings of fact:

## "FINDINGS OF FACT"

"The defendants are the owners of a race horse known as 'Davie Glance.' It came to the knowledge of the defendants

through their trainer Ernest Guarino that when the horse was in a race and under pressure he would bleed through the nostrils. In common language the horse was known as a 'bleeder.'

"The plaintiff is a medical doctor in general practice in Brockton. He is also known as an expert on research and blood clotting. He is the owner and manager of New England Medical and Testing Laboraties. His qualifications in these fields were admitted at the trial.

"In May of 1966, the defendants requested the plaintiff to make blood tests of the horse at the plaintiff's laboratories and to observe the horse. The plaintiff during the training period from May through July observed the horse and on several occasions withdrew blood from the horse. As a result of the tests delivery of a coagulant to allay bleeding was made to the defendant's trainer with specific instructions to have the same injected by a veterinarian which was done.

"For the complete veterinary services including laboratory work and materials I find there is due the plaintiff the sum of $300.00 and I find for the plaintiff on Counts in amended declaration nos. 1, 2 and 3. Execution to issue on one count only however."

The judge made no finding that the plaintiff

had agreed to cure the horse but only that he did make some blood tests; that he did observe him, and that he instructed the defendant's trainer to have the coagulant injected by a veterinarian and this was done. The plaintiff made no effort to do this himself. This fact alone would seem to bear out the plaintiff's contention that he was not acting or attempting to act as a veterinarian in violation of the Statute.

What the doctor did, was only incidental to the treatment of this horse, and the withdrawal of blood from a horse and the testing of it by a qualified medical doctor, who is also an acknowledged blood expert, cannot be construed as "practicing veterinary medicine" in this isolated instance. He was not a layman or an unskilled person—he was a blood expert trained in this field.

Findings of fact made on conflicting evidence or otherwise are not reviewable by the Appellate Division and on appeal are not open in the Supreme Court, and such findings must be sustained if they can be supported on any reasonable view of the evidence. *McKenna* v. *Andreassi,* 292 Mass. 213, *James B. Rendle Co.* v. *Conley and Daggett, Inc.,* 313 Mass. 712, *Hosmer* v. *Commonwealth,* 302 Mass. 495, *Spritz* v. *Brockton Savings Bank,* 305 Mass. 170 and *Monast* v. *Brodeur,* 329 Mass. 767.

A finding for the plaintiff imports the drawing of all supporting inferences of which the

evidence is susceptible and the finding of all necessary subsidiary facts; that finding will not be reversed if upon any view it can be sustained. *Royle* v. *Worcester Buick Co.*, 243 Mass. 143 and *Standard Oil Co.* v. *Malaguti, et al*, 269 Mass. 126.

There is ample reported evidence to justify all of the findings of fact made by the judge.

Since there was no finding by the judge of any fraud or illegal act on the part of the plaintiff, and the record discloses none, requests for rulings numbered 3, 5, 6, 7 and 9 were properly denied. There are ample findings of fact by the court to justify the denial of all the other requests, except number 4, which was waived.

There being no prejudicial error, **an order should be entered dismissing the report.**

EDWARD H. STEVENS,
  of Brockton, for the Plaintiff.
RICHARD S. SCHULTZ,
  of Brockton, for the Defendant.